Werner BAUMGART, Petitioner,

v.

**KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Respondent.**

No. C–1672.

Supreme Court of Colorado,
En Banc.

March 17, 1980.

Anstine & Hill, Ronald C. Hill, Denver, for petitioner.

Jenkins, O'Rourke & Breitenbach, P.C., Michael S. Kupecz, Pueblo, for respondent.

Elliott & Greengard, Richard D. Greengard, Kent E. Hanson, Denver, for amicus curiae, Denver Auto. Acc. Reparations Arbitration Committee.

ERICKSON, Justice.

We granted certiorari to review *Caldwell v. Baumgart,* 41 Colo.App. 130, 584 P.2d 95 (1978). The court of appeals held that, under the provisions of the Colorado Auto Accident Reparations Act, section 10–4–701, *et seq.,* C.R.S. 1973 (the No Fault Insurance Act), an insurer licensed to write motor vehicle insurance in the state of Colorado may maintain a direct action for damages against an automobile driver to recover basic personal injury protection (PIP) benefits paid by the insurer. We reverse, and remand with directions.

The facts are not in dispute. On December 5, 1974, George and Hattie Caldwell were injured in a collision between an automobile driven by the petitioner, Werner Baumgart, and one occupied by the Caldwells. The respondent insurance company, as insurer to the Caldwells, proceeded to pay PIP benefits to the Caldwells for injuries resulting from the collision. The respondent, however, did not seek reimbursement from the petitioner's insurer through the arbitration mechanism provided in section 10–4–717, C.R.S. 1973 of the No Fault Insurance Act for the amounts paid to the Caldwells.[1]

On August 14, 1975, the Caldwells brought suit against the petitioner for damages sustained in the December collision. Shortly thereafter, the respondent sought to intervene in that action to recover PIP

---

1. Under section 10–4–717(3), C.R.S. 1973, the demand for arbitration proceedings must be made within one year of the first payment of benefits.

benefits, in the amount of $7,300, paid to the Caldwells. The trial court denied the respondent's motion to intervene, holding that the mandatory arbitration provisions of section 10–4–717, C.R.S. 1973 barred a direct action for recovery.

The court of appeals reversed the trial court's ruling, holding that the direct action provisions of section 10–4–713, C.R.S. 1973 provided an insurer with a choice of remedies—arbitration or direct action—for the recovery of PIP benefits. We disagree.

In *Travelers Indemnity Co. v. Barnes*, 191 Colo. 278, 552 P.2d 300 (1976), we stated that the Colorado No Fault Insurance Act is to be liberally construed to further its remedial and beneficent purposes. One of the primary purposes underlying the passage of the Act is to reduce the amount of tort litigation arising out of automobile accidents. To that end, section 10–4–717 provides in pertinent part that all insurers licensed to write motor vehicle insurance in this state shall be deemed to have agreed "[t]hat the issue of liability for [PIP] reimbursement . . . shall be decided by mandatory, binding intercompany arbitration procedures approved by the commissioner."

The respondent argues that section 10–4–713, C.R.S. 1973 provides an alternative to mandatory arbitration through its direct action provisions. That section provides:

"[A]n insurer paying [PIP] benefits under section 10–4–706(1)(b) to (1)(e) to or for any person in excess of five hundred dollars shall have a direct cause of action against an alleged tortfeasor to the extent of benefits paid in excess of five hundred dollars and limited to the liability insurance coverage of the alleged tortfeasor."

Although we agree that the section, read alone, appears to grant a right of direct action to all insurers, it is our view that the section must be read in conjunction with the more specific provisions of section 10–4–717. The latter section, by its terms, applies to all insurers licensed to write motor vehicle insurance in this state. In our view, a common sense and plain reading of section 10–4–713 requires the conclusion that it was designed to provide for direct actions only where one of the parties involved is not an insurer licensed to do business in Colorado. Where both parties are licensed in Colorado, section 10–4–717 provides that the sole and mandatory remedy for recovery of PIP expenditures is arbitration.[2] Any other reading would be inconsistent with the Act's avowed goal of reducing tort litigation arising from automobile accidents and would render section 10–4–717 all but meaningless.[3]

On certiorari, the respondent raises for the first time the argument that it has never been licensed to write motor vehicle insurance in Colorado, and, therefore, it is not bound by section 10–4–717. Since we are not in a position to resolve this factual issue, we return the case to the court of appeals with directions that it be remanded to the trial court for the necessary factual determination. If the trial court finds for

---

**2.** We note that the legislature has recently clarified section 10–4–713, C.R.S.1973 through the substitution of the following language:

"[A]n insurer paying benefits under section 10–4–706(1)(b) to (1)(e) to or for any one person for whose injuries legal liability exists or may exist on the part of a third person who is not insured under a policy of automobile liability insurance *issued by an insurer licensed to write automobile liability insurance in this state* shall have a direct cause of action against an alleged tort. . . ." (Emphasis added.)

Section 10–4–713, C.R.S.1973 (1979 Supp.). The section applies to all actions commenced or filed on or after June 15, 1979.

**3.** We note that the respondent's interpretation of the two sections would place a defending insurance company in the anomalous position of being forced to accept a claimant insurance company's choice of forum. If the claimant insurance company wants to arbitrate, the defending insurance company is bound by that choice under section 10–4–717, C.R.S.1973. If, on the other hand, the claimant insurance company chooses to file a direct action, the defending insurance company would be unable to seek arbitration and would be forced to defend in a court of law.

the respondent on this issue, then it should allow the respondent to intervene in the action below pursuant to section 10–4–717. If the matter is resolved against the respondent, then the motion to intervene must be denied.

Accordingly, the judgment of the court of appeals is reversed and the case is remanded for further proceedings consistent with the views expressed in this opinion.

GROVES, LEE and DUBOFSKY, JJ., do not participate.