Robert SAKALA, Plaintiff–Appellant,

v.

SAFECO INSURANCE COMPANY OF AMERICA, Defendant–Appellee.

No. 91CA0491.

Colorado Court of Appeals, Div. II.

June 4, 1992.

Harshman, McBee & Coffman, Kay Snider Coffman, Donald L. McBee, Grand Junction, for plaintiff-appellant.

Hall & Evans, Alan Epstein, Denver, for defendant-appellee.

Opinion by Judge PLANK.

In this action for reimbursement of personal injury protection (PIP) benefits under the Auto Accident Reparations Act, § 10–4–701, et seq., C.R.S. (1987 Repl.Vol. 4A), plaintiff, Robert Sakala, appeals from the judgment which dismissed his complaint against defendant, Safeco Insurance Company of America. We reverse and remand.

The complaint filed December 18, 1990, alleged that plaintiff's private passenger motor vehicle was involved in an automobile accident on September 18, 1987, and that a passenger in his vehicle was injured in the collision with a nonprivate passenger motor vehicle negligently operated by defendant's insured. Plaintiff's vehicle was not insured at the time of the accident.

The complaint also alleged that plaintiff was statutorily obligated to pay his passenger's medical bills, which he did, and that Safeco had denied plaintiff's claim for reimbursement. The complaint sought reimbursement of $38,918.65 which plaintiff had paid on December 14, 1989, for his passenger's medical expenses.

Defendant filed a motion to dismiss the complaint pursuant to C.R.C.P. 12(b)(5), asserting that plaintiff's action was barred by the statute of limitations for actions under the Auto Accident Reparations Act because it was commenced more than three years after the accident.

In dismissing the action, the trial court determined that arbitration was plaintiff's exclusive remedy against defendant pursuant to § 10–4–717, C.R.S. (1987 Repl.Vol. 4A). It further concluded that, because plaintiff's claim was not brought within

three years from the date of the accident, it was barred by the statute of limitations for actions under the Auto Accident Reparations Act, § 13–80–101(1)(j), C.R.S. (1987 Repl.Vol. 6A) (actions under the Act shall be commenced within three years after the cause of action accrues).

## I.

Plaintiff contends that the trial court erred in concluding that his claim was subject to the mandatory arbitration provisions of § 10–4–717, C.R.S. (1987 Repl.Vol. 4A). Relying upon the express language of the statute and *Baumgart v. Kentucky Farm Bureau Mutual Insurance Co.*, 199 Colo. 330, 607 P.2d 1002 (1980), plaintiff argues that only licensed insurers are subject to the mandatory arbitration provisions of § 10–4–717 and that, because he was not a licensed insurer, he was not bound by those provisions. We agree.

The pertinent statute provides as follows:

Every insurer *licensed to write motor vehicle insurance in this state* shall be deemed to have agreed, as a condition to maintaining *such license* ... [t]hat the issue of liability for such reimbursement and the amount thereof shall be decided by mandatory, binding, *intercompany* arbitration procedures approved by the commissioner.

Section 10–4–717(1)(b), C.R.S. (1987 Repl. Vol. 4A) (emphasis supplied).

In construing this statute in *Baumgart, supra,* our supreme court held that: "[T]he ... section, by its terms, applies to all insurers *licensed to write motor vehicle insurance in this state.*" (emphasis supplied) The *Baumgart* court further held that: "[I]n our view, a common sense and plain reading of section 10–4–713 requires the conclusion that it was designed to provide for direct actions only where one of the parties involved is *not* an insurer *licensed to do business in Colorado.*" (emphasis supplied)

Contrary to Safeco's contention, we do not view the opinion of our supreme court in *State Farm Mutual Automobile Insurance Co. v. Cabs, Inc.*, 751 P.2d 61 (Colo. 1988) as modifying its holding in *Baumgart.*

We note that the pertinent language of *Baumgart* was quoted with approval as recently as 1987. *See Blue Cross v. Bukulmez*, 736 P.2d 834 (Colo.1987). Conversely, in *State Farm*, the court extended the mandatory arbitration requirements of § 10–4–717 to an owner of nonprivate motor vehicles who had been issued a certificate of self-insurance pursuant to § 10–4–716, C.R.S. (1987 Repl.Vol. 4A). However, the court did not address the direct action of a private motor vehicle owner, such as plaintiff, against the insurer of a nonprivate motor vehicle.

Accordingly, in view of the plain language of § 10–4–717 and the supreme court's holding in *Baumgart*, we reject Safeco's argument that the claim of plaintiff, who was not licensed to issue motor vehicle insurance in this state, was subject to mandatory arbitration.

## II.

Plaintiff also contends that the trial court erred in concluding that his claim was statutorily barred because the action had not been commenced within three years after the date of the accident. In support of this contention, plaintiff argues that this was not a subrogation action derivative of his injured passenger's rights but was a direct action authorized by § 10–4–713(2)(a), C.R.S. (1987 Repl.Vol. 4A). Accordingly, he argues that his reimbursement claim did not arise until he had paid his passenger's medical expenses and that, therefore, his action was timely filed within three years. We conclude that the claim for reimbursement accrued when plaintiff paid benefits to his injured passenger.

In ruling on a motion to dismiss, the allegations in the complaint must be taken as true and viewed in a light most favorable to plaintiff. *McDonald v. Lakewood Country Club*, 170 Colo. 355, 461 P.2d 437 (1969). Further, in construing a statute, words and phrases should be given effect according to their plain and ordinary

meaning. *People v. District Court*, 713 P.2d 918 (Colo.1986).

█ Here, the statute upon which plaintiff's claim was based provides as follows:

[W]here a motor vehicle accident involves a private passenger motor vehicle and a nonprivate passenger motor vehicle, the insurer of the private passenger motor vehicle shall have a *direct cause of action for all benefits actually paid* by such insurer ... against the owner, user or operator of the nonprivate passenger motor vehicle or against any ... organization legally responsible for the acts or omissions of such owner, user or operator.

Section 10–4–713(2)(a), C.R.S. (1987 Repl. Vol. 4A) (emphasis supplied).

Further, according to the allegations of the complaint, and by operation of law, plaintiff was deemed an insurer of a private motor vehicle involved in an accident with a nonprivate passenger motor vehicle. *See* § 10–4–705(2), C.R.S. (1987 Repl.Vol. 4A). Moreover, as alleged in the complaint, plaintiff actually paid medical benefits to his passenger in December 1989. Finally, at this stage of the proceedings, there has been no contention that the benefits paid by plaintiff were not paid in a timely manner. *See* § 10–4–708, C.R.S. (1987 Repl.Vol. 4A).

We recognize that, in *State Farm, supra*, the term "right of subrogation" was used in referring to the direct cause of action authorized by § 10–4–713(2). Based upon the use of this term, Safeco argues that the statute of limitations must be deemed to commence on the date of the accident because plaintiff was "subrogated" to the rights of his passenger. However, we reject this analysis as being contrary to the statute's plain meaning.

Instead, because actual payment was an element of plaintiff's statutory claim under § 10–4–713(2), we conclude that his right to bring a direct action for reimbursement did not accrue until he had paid benefits to his passenger. *See* § 13–80–108(4), C.R.S. (1987 Repl.Vol. 6A). We therefore conclude that the complaint filed approximately one year after such payment was timely

brought pursuant to § 13–80–101(1)(j), C.R.S. (1987 Repl.Vol. 6A).

Accordingly, the judgment is reversed, and the cause is remanded to the trial court for reinstatement of plaintiff's complaint and for further proceedings consistent with the views expressed in this opinion.

SMITH and TURSI, JJ., concur.