**Donald D. SMITH, Plaintiff,**

v.

**James B. EDSON, Defendant,**

**and Concerning Great West Casualty Company, Appellant and Cross–Appellee,**

**and**

**Hawkeye Insurance Company, Appellee and Cross–Appellant.**

**No. 93CA2184.**

Colorado Court of Appeals, Div. V.

Dec. 1, 1994.

McCormack, Cooney, Hillman & Elder, William J. Elder, Denver, for appellant and cross-appellee.

Deisch, Marion and Breslau, P.C., Denver, for appellee and cross-appellant.

Opinion by Judge RULAND.

Great West Casualty Company appeals from an order of the trial court requiring it to arbitrate its dispute with Hawkeye Insurance Company, relative to payments claimed due under the Colorado Auto Accident Reparations Act (No–Fault Act). We dismiss the appeal.

Plaintiff, Donald D. Smith, and defendant, James B. Edson, were involved in a motor vehicle accident. Plaintiff later filed suit to recover damages based upon allegations that the accident was caused by defendant's negligence. Plaintiff included a claim for medical expenses.

Following discovery and prior to trial, plaintiff settled his claim with defendant except for certain medical expenses paid by Hawkeye under its insurance contract with plaintiff.

With reference to this claim, Hawkeye entered an appearance by counsel in the proceedings and requested an order requiring mandatory arbitration with defendant's insurance carrier, Great West, pursuant to § 10–4–717(1)(a) & (b), C.R.S. (1994 Repl. Vol. 4A). However, counsel for defendant asserted on behalf of Great West that the applicable statute of limitations set out in § 10–4–717(3), C.R.S. (1994 Repl.Vol. 9A) had expired and that, therefore, Hawkeye's request for arbitration was untimely.

Following a hearing, the court determined that Great West had waived its right to assert the statute of limitations and ordered Great West and Hawkeye to arbitrate their dispute. As a result, Great West initiated this appeal, asserting that the trial court erred in its ruling on various grounds. Hawkeye has cross-appealed, also asserting certain errors in the court's ruling.

A review of the record failed to reveal that the arbitration proceeding had commenced and been concluded. Accordingly, supplemental briefs were ordered by this court on the issue whether the trial court's order was appealable. Having considered those briefs, we conclude that the appeal must be dismissed because we lack jurisdiction to address the contentions of the two insurers.

In *Frontier Materials, Inc. v. City of Boulder,* 663 P.2d 1065 (Colo.App.1983), a division of this court determined that an order compelling the parties to submit their claims to arbitration pursuant to the Uniform Arbitration Act, § 13–22–201, et seq., C.R.S. (1987 Repl.Vol. 6A), was not a final appealable order. *See also Thomas v. Farmers Insurance Exchange,* 857 P.2d 532 (Colo.App. 1993); *Associated Natural Gas, Inc. v. Nordic Petroleums, Inc.,* 807 P.2d 1195 (Colo. App.1990). Both parties contend, however, that prior cases interpreting the Uniform Arbitration Act do not apply here because the arbitration between these insurance carriers is mandated by § 10–4–717(1)(b) and § 10–4–717(3), and thus, is not the product of any agreement between the parties.

Hawkeye also relies upon the fact that, in *Baumgart v. Kentucky Farm Bureau Mutual Insurance Co.,* 199 Colo. 330, 607 P.2d 1002 (1980) and *Sakala v. Safeco Insurance Co.,* 833 P.2d 879 (Colo.App.1992), issues relative to the arbitration of disputes pursuant to the No–Fault Act were addressed without comment by either court on whether an order to arbitrate is appealable. We are not persuaded by these contentions.

A review of the opinions in *Baumgart* and *Sakala* confirms that the issue of the appealability of an order requiring insurance carriers to arbitrate was not addressed. Further, an order mandating arbitration had not been entered by the trial court in either case.

Finally, even if we assume that the interpretation of the Uniform Arbitration Act is not helpful here because the subject arbitration is mandated by statute, we nevertheless conclude that the order requiring Great West and Hawkeye to arbitrate is not a final appealable order. This is because the No–Fault Act does not authorize an interlocutory appeal and the order does not fully adjudicate the rights and liabilities of the parties. Hence, the order may not be characterized as final for purposes of any appeal. *See Mission Viejo Co. v. Willows Water District,* 818 P.2d 254 (Colo.1991); *Kempter v. Hurd,* 713 P.2d 1274 (Colo.1986).

The appeal is dismissed.

BRIGGS and TAUBMAN, JJ., concur.