**Gordon D. RASMUSSEN,
et al., Appellants,**

v.

**Gayle K. SAUER, Defendant,**

**Freeborn County, intervenor,
Respondent.**

No. C0–98–2365.

Court of Appeals of Minnesota.

July 20, 1999.

Review Denied Sept. 14, 1999.

Lewis A. Remele, Jr., Kevin P. Hickey, Bassford, Lockhart, Truesdell & Briggs, P.A., Minneapolis; and Mark M. Walbran, Walbran, Furness & Leuning, Chartered, Owatonna, for appellants.

Peter D. Bergstrom, Thomas P. Carlson, Bergstrom, Carlson & Soldo, P.L.L.P., St. Paul, for respondent.

Considered and decided by HARTEN, Presiding Judge, KLAPHAKE, Judge, and WILLIS, Judge.

## OPINION

KLAPHAKE, Judge

Gordon Rasmussen and his wife, Julie Rasmussen, appeal from the district court's denial of their motion to amend their complaint to include an underinsured motorist (UIM) claim against respondent Freeborn County. The district court concluded that because Freeborn County is self-insured as part of the Minnesota Counties Insurance Trust (the MCIT), the court lacked subject matter jurisdiction over the Rasmussens' UIM claim, and the Rasmussens were required to exhaust administrative remedies provided by the MCIT bylaws. We reverse and remand to allow the Rasmussens to amend their complaint.

## FACTS

While on duty as a Freeborn County Deputy Sheriff in July 1991, Gordon Rasmussen was injured when another vehicle struck his squad car. He and his wife sued defendant Gayle Sauer, the driver of the other vehicle. Respondent Freeborn County was allowed to intervene to protect its subrogation rights in workers' compensation benefits it paid to Rasmussen.

After Sauer's insurer tendered its $30,000 liability limits to the Rasmussens, they moved to amend their complaint to include a claim for UIM benefits against Freeborn County. Freeborn County is a member of the MCIT, a multi-county self-insurance and risk management pool sponsored by the Association of American Counties. The MCIT's coverage document indicates that it provides its members with UIM coverage up to a limit of $60,000.

In denying the Rasmussens' motion to amend their complaint, the district court concluded that it lacked subject matter jurisdiction over the UIM claim because Freeborn County is self-insured as part of the MCIT. The court further concluded that the Rasmussens were required to exhaust administrative remedies provided by

the MCIT bylaws. The Rasmussens appeal.

## ISSUES

1. Did the district court err in concluding that it did not have subject matter jurisdiction over the Rasmussens' UIM claim against Freeborn County?

2. Did the district court err in concluding that the Rasmussens were required to exhaust their administrative remedies?

## ANALYSIS

■ A motion to amend a complaint after a responsive pleading has been served falls within the discretion of the trial court. Minn. R. Civ. P. 15.01. Denial of such a motion is proper when a movant fails to present allegations to support a viable claim. *Davis v. Midwest Discount Secs., Inc.*, 439 N.W.2d 383, 388 (Minn.App.1989).

■ The district court's decision in this case is similar to a dismissal under Minn. R. Civ. P. 12.02(a), which allows dismissal for lack of subject matter jurisdiction. *See* 1 David F. Herr & Roger S. Haydock, *Minnesota Practice* § 15.5, at 360 (1998) ("trial court's review of the legal propriety of the amendment would be similar to a Rule 12 determination"). Subject matter jurisdiction refers to a court's authority to consider an action or issue a ruling that will decide the issues raised by the pleadings. *Cochrane v. Tudor Oaks Condominium Project*, 529 N.W.2d 429, 432 (Minn. App.1995), *review denied* (Minn. May 31, 1995). To the extent that a review of subject matter jurisdiction involves consideration of constitutional and statutory bases for a court's authority, it presents a question of law for this court to decide de novo. *Neighborhood Sch. Coalition v. Independent Sch. Dist. No. 279*, 484 N.W.2d 440, 441 (Minn.App.1992), *review denied* (Minn. June 30, 1992).

### I.

■ The district court has original jurisdiction in all civil cases, which includes UIM claims. *See* Minn. Const. Art. VI, § 3 (district court has "original jurisdiction in all civil and criminal cases"); Minn.Stat. § 484.01, subd. 1 (1998) (district court shall have original jurisdiction in all civil actions); *see also Johnson v. American Family Mut. Ins. Co.*, 426 N.W.2d 419, 421 (Minn.1988) (interpretation of no-fault statutes is for district court). In addition, Minnesota counties are subject generally to district court jurisdiction. Minn.Stat. § 373.01, subd. 1(1) (1998). Thus, the district court is presumed to have original jurisdiction over UIM claims, even a UIM claim against a county.

■ This original jurisdiction is not altered or defeated by the fact that Freeborn County is self-insured through an insurance pool. The No–Fault Act requires that "[e]very owner of a motor vehicle * * * maintain uninsured and underinsured motorist coverages." Minn.Stat. § 65B.49, subd. 3a(2) (1998). As a political subdivision of the state, Freeborn County is allowed to provide this coverage either "through purchase of a plan of reparation security" or "as a self-insurer." Minn. Stat. § 65B.48, subd. 4 (1998). Freeborn County's decision to become self-insured as part of the MCIT does not exempt it from the requirements of the No–Fault Act.

In reaching its decision, the district court misread two statutes, Minn.Stat. § 65B.48, subd. 4, and Minn.Stat. § 471.982, subd. 3 (1998). Minn.Stat. § 471.982, subd. 3, provides:

Self-insurance pools established and open for enrollment on a statewide basis by the Minnesota league of cities insurance trust, the Minnesota school boards association insurance trust or the Minnesota association of counties insurance trust and the political subdivisions that belong to them are exempt from the requirements of this section and section 65B.48, subdivision 3.

Section 471.982 requires self-insurance pools to meet certain reporting require-

ments with the Commissioner of Commerce. Similarly, section 65B.48, subd. 3, outlines certain reporting requirements a self-insurer must make to the commissioner.

 These statutes merely exempt the MCIT from meeting certain financial requirements and making certain reports to the commissioner; they do not exempt these pools from meeting the UIM requirements of the No–Fault Act or from the jurisdiction of the district court. Indeed, governmental bodies may be exempt from some regulatory requirements, but still subject to district court jurisdiction. *See, e.g., In re Appeal of Crow Wing County Attorney,* 552 N.W.2d 278, 279–80 (Minn.App.1996) (district court has subject matter jurisdiction over certain decisions made by public entity under PELRA), *review denied* (Minn. Oct. 29, 1996).

At oral arguments, Freeborn County attempted to argue that Minn.Stat. § 65B.48, subd. 4, somehow exempts it from the provisions of the No–Fault Act and district court jurisdiction. That subdivision reads:

The state of Minnesota or any agency thereof and any political subdivision of the state or agency thereof shall provide security by lawfully obligating itself to pay benefits in accordance with sections 65B.41 to 65B.71, either as a self-insurer pursuant to subdivision 3, or through purchase of a plan of reparation security.

Minn.Stat. § 65B.48, subd. 4. Again, subdivision 3 merely requires self-insurers to meet certain reporting requirements. Although the MCIT may be exempt from meeting these requirements, it does not follow that it is exempt from the provisions of the No–Fault Act or from district court jurisdiction.

These statutes have been in effect for some time. The provisions of the No–Fault Act at issue here were enacted in 1974, while the last time Minn.Stat. § 471.982, subd. 3, was amended was in 1986. *See* 1974 Minn. Laws ch. 408, § 8;

1986 Minn. Laws ch. 877, § 78. Despite this fact, UIM claims against other self-insured pools have been resolved in district court without those pools making any type of jurisdictional challenge to district court authority. *See, e.g., Ray v. City of Maple Grove,* 519 N.W.2d 466, 468 (Minn. App.1994) (review of district court's confirmation of arbitration award to police officer who asserted UIM benefits against city, which was self-insured through League of Minnesota Cities Insurance Trust), *review denied* (Minn. Sept. 16, 1994). At best, the position taken by Freeborn County appears imaginative.

Absent more express or specific direction from the legislature exempting Freeborn County from either the provisions of the No–Fault Act or district court jurisdiction, we conclude that the district court erred in concluding that it lacked subject matter jurisdiction over this claim.

## II.

 The district court further determined that the Rasmussens were required to exhaust administrative remedies allegedly provided them by the MCIT bylaws. Exhaustion of remedies presupposes the existence of subject matter jurisdiction and merely affects the timing of the exercise of that jurisdiction. *See State v. University of Minn.,* 236 Minn. 452, 457, 54 N.W.2d 122, 126 (1952). For several reasons, we conclude that the district court's decision is erroneous.

First, the MCIT bylaws do not provide any administrative remedies to the Rasmussens. Rather, those bylaws provide "members" with certain dispute resolution procedures. The term "member" is used throughout the bylaws and clearly refers to counties and other entities that are part of the insurance pool. *See* Bylaws Art. III, § 3.1 H. (" 'Member' means County Member, Sponsored Member, Associate Member or other class of member as defined in Article V of these Bylaws"); Bylaws Art. V, § 5.1 ("Membership in the

Trust shall be open to any governmental unit, other political subdivision * * * or other Persons that are determined by the Board to qualify for membership."). No evidence has been provided to establish that the Board has determined that county employees qualify as members of the trust. Thus, the Rasmussens are not "members" of the MCIT, are not parties to that agreement, and are not subject to the dispute resolution procedures set out in the MCIT bylaws for its members.

Second, the MCIT's coverage document resembles a typical automobile liability insurance policy. This document provides Freeborn County, as a "Trust Participant," with $60,000 in UIM coverage. Under the terms of the document, the MCIT agrees to "pay all sums the Covered Party is legally entitled to recover as damages from the owner or driver of [a UIM] vehicle." A "covered party" includes "[a]nyone * * * occupying a Covered Auto[.]" This document fails to set up a separate dispute resolution procedure for claims under its terms; rather, the coverage document contemplates and supports the exercise of district court jurisdiction over the Rasmussens' claim against Freeborn County for UIM benefits.

Finally, the MCIT has not yet made any decision that the Rasmussens can challenge. The cases requiring review of an administrative agency's quasi-judicial decision by writ of certiorari simply do not apply to this claim for statutorily mandated UIM benefits. Rather, those cases have been limited to executive-branch decisions involving conditional use permits, zoning variances, or termination of public employees. *See, e.g., Willis v. County of Sherburne*, 555 N.W.2d 277, 282 (Minn. 1996) (absent statutory authority for different process, challenge to county's termination decision subject to writ of certiorari); *Dietz v. Dodge County*, 487 N.W.2d 237, 240 (Minn.1992) (county's termination decision reviewable by writ of certiorari); *Dokmo v. Independent Sch. Dist. No. 11*, 459 N.W.2d 671, 673 (exclusive method for appealing school board's decision to terminate teacher by writ of certiorari to court of appeals) (Minn.1990); *Clark v. Independent Sch. Dist. No. 834*, 553 N.W.2d 443, 445–46 (Minn.App.1996) (absent statutory authority for district court review, challenge to school district's decision on teacher-related matters must proceed by writ of certiorari). Thus, we decline to limit the Rasmussens' right to sue.

## DECISION

The district court erred in concluding that it lacked subject matter jurisdiction over the Rasmussens' UIM claim against Freeborn County. We therefore reverse and remand to allow the Rasmussens to amend their complaint.

**Reversed and remanded.**