**COLORADO SCHOOL DISTRICTS SELF INSURANCE POOL, Plaintiff–Appellee,**

v.

**J.P. MEYER TRUCKING AND CONSTRUCTION, INC. and Lawrence B. Johnson, Defendants–Appellants.**

No. 98CA1865.

Colorado Court of Appeals, Div. IV.

Nov. 12, 1999.

Certiorari Granted April 10, 2000.

Senter, Goldfarb & Rice, L.L.C., Thomas S. Rice, Tanya R. Langton, Denver, Colorado, for Plaintiff–Appellee.

Dickinson, Everstine & Prud'Homme, Michelle R. Prud'Homme, Denver, Colorado, for Defendants–Appellants.

Opinion by Judge ROTHENBERG.

Defendants, J.P. Meyer Trucking & Construction, Inc., and Lawrence B. Johnson, appeal an order denying their motion for dismissal, or in the alternative, their motion for judgment on the pleadings. The primary issue in this appeal is whether plaintiff, Colorado School Districts Self Insurance Pool (Self Insurance Pool), may bring a direct action against defendants to recover personal injury protection (PIP) benefits that the Self Insurance Pool paid under the Colorado Auto Accident Reparations Act, § 10–4–701, et seq., C.R.S.1999 (the No–Fault Act); or whether the Self Insurance Pool is subject to mandatory arbitration. We hold that because the Self Insurance Pool is not "an insurer licensed to write motor vehicle insurance" in Colorado within the meaning of § 10–4–717, C.R.S.1999, and therefore not subject to the mandatory arbitration requirement, it may bring a direct action against defendants to recover PIP benefits. Accordingly, we affirm.

This action arose out of a motor vehicle accident involving defendants' dump truck and a school bus owned by the Denver Public Schools and insured by the Self Insurance Pool. Following the accident, the Self Insurance Pool paid PIP benefits on behalf of several passengers injured in the accident.

The Self Insurance Pool brought this action to recover from defendants the amount paid in PIP benefits. The defendants moved to dismiss, contending the trial court lacked jurisdiction to proceed because the matter was subject to mandatory arbitration under § 10–4–717.

The trial court denied defendants' motion, but its order was not made final under C.R.C.P. 54(b). Defendants appeal from the order denying their motion for dismissal, or in the alternative, their motion for judgment on the pleadings.

I.

Initially, we address and reject the Self Insurance Pool's contention that this court lacks jurisdiction to consider the appeal because no final judgment was entered in the case. We conclude we have jurisdiction under § 13–22–221(1)(a), C.R.S.1999.

An appellate court may not review interlocutory orders without specific authorization by statute or rule. Absent such authorization, interlocutory orders may be reviewed only after entry of a final judgment. *Mission Viejo Co. v. Willows Water District,* 818 P.2d 254 (Colo.1991).

The No–Fault Act does not authorize interlocutory appeals. *See Smith v. Edson,* 888 P.2d 345 (Colo.App.1994). However, § 13–22–221(1)(a), which is a provision of the Uniform Arbitration Act (UAA), specifically authorizes an interlocutory appeal from "an order denying an application to compel arbitration [under the UAA]." *See Mountain Plains Constructors, Inc. v. Torrez,* 785 P.2d 928 (Colo.1990) (denial of a motion to compel arbitration is an appealable order).

The provisions of the UAA are applicable to arbitration required by the No–Fault Act. *State Farm Mutual Automobile Insurance Co. v. Cabs, Inc.,* 751 P.2d 61 (Colo.1988).

The labeling of the motion to dismiss is not dispositive, and an order by the trial court that is "equivalent to the denial of a motion to compel arbitration" is appealable under § 13–22–221(1)(a). *Camelot Investments, LLC v. LANDesign, LLC,* 973 P.2d 1279, 1280 (Colo.App.1999) (order denying a

motion to dismiss based on lack of subject matter jurisdiction was equivalent to the denial of a motion to compel arbitration when the requirement of mandatory arbitration was necessarily part of the argument that trial court lacked subject matter jurisdiction).

Here, defendants asserted in their motion to dismiss that the trial court lacked subject matter jurisdiction because the matter was subject to mandatory arbitration under § 10–4–717. Thus, the trial court's denial of defendants' motion to dismiss was equivalent to the denial of a motion to compel arbitration, and we have jurisdiction to consider this appeal under § 13–22–221(1)(a).

## II.

■ Defendants contend the trial court erred in concluding that the Self Insurance Pool is not "an insurer licensed to write motor vehicle insurance in this state" within the meaning of § 10–4–717, and therefore, not subject to mandatory arbitration under that statute. We disagree.

■ The standard of review for statutory construction is *de novo*. *Watson v. Vouga Reservoir Ass'n*, 969 P.2d 815 (Colo.App. 1998).

■ When an accident involves a public school vehicle designed to transport seven or more passengers and a nonprivate passenger motor vehicle, the insurer of the public school vehicle has a direct cause of action against the owner, user, or operator of the nonprivate passenger motor vehicle to recover PIP benefits paid by the insurer. Section 10–4–713(2), C.R.S.1999. A dump truck qualifies as a nonprivate passenger motor vehicle. *See Farmers Insurance Exchange v. Bill Boom Inc.*, 961 P.2d 465 (Colo.1998).

However, when both parties to an action under § 10–4–713(2) of the No–Fault Act are insurers "licensed to write motor vehicle insurance in this state," § 10–4–717 provides that the sole remedy for recovery of PIP benefits is "mandatory, binding intercompany arbitration." A direct cause of action may not be brought against the owner, user, or operator of the nonprivate passenger motor vehicle to recover such benefits. *See Baumgart v. Kentucky Farm Bureau Mutual In-*

*surance Co.*, 199 Colo. 330, 607 P.2d 1002 (1980).

Because § 10–4–717 only applies to insurers "licensed to write motor vehicle insurance" in Colorado, the determinative issue is whether the Self Insurance Pool is such an insurer. We conclude that it is not.

The Self Insurance Pool was constituted under § 24–10–115.5, C.R.S.1999, which provides in relevant part that:

(1) Public entities may cooperate with one another to form a self-insurance pool to provide all or part of the insurance coverage authorized by this article or by section 29–5–111, C.R.S., for the cooperating public entities. Any such self-insurance pool may provide such coverage by the methods authorized in sections 24–10–115(2) and 24–10–116(2), by any different methods if approved by the commissioner of insurance, or by any combination thereof. . . .

(2) *Any self-insurance pool authorized by subsection (1) of this section shall not be construed to be an insurance company nor otherwise subject to the provisions of the laws of this state regulating insurance or insurance companies;* except that the pool shall comply with the applicable provisions of sections 10–1–203 and 10–1–204(1) to (5) and (10), C.R.S. (emphasis added).

Sections 10–1–203 and 10–1–204, C.R.S. 1999, relate to financial examinations conducted by the insurance commissioner. Sections 24–10–115(2) and 24–10–116(2), C.R.S. 1999, authorize self-insurance pools to provide insurance either by self-insurance or by an insurance company authorized to do business in Colorado.

In *City of Arvada v. Colorado Intergovernmental Risk Sharing Agency*, 988 P.2d 184 (Colo.1999), a division of this court held that, under § 24–10–115.5, self-insurance pools were not subject to the notice requirements that the law imposes on insurance companies. The panel stated that:

Under the plain language of the statute, public entity self-insurance pools are not to be construed to be insurance companies and are not otherwise subject to state laws regulating insurance or insurance compa-

nies, except that they must comply with . . . [statutes] which relate to financial examinations conducted by the insurance commissioner.

*City of Arvada v. Colorado Intergovernmental Risk Sharing Agency, supra,* 988 P.2d at 189.

■ Although the issue there involved laws regulating insurance companies and did not address the No–Fault Act, we agree with the panel that the General Assembly did not intend self-insurance pools to be "subject to state laws regulating insurance or insurance companies," except under the limited exceptions specified in the statute.

Nor does *State Farm Mutual Automobile Insurance Co. v. Cabs, Inc., supra,* require a different result as defendants contend. There, the supreme court concluded that a taxicab company that maintained a certificate of self-insurance under § 10–4–716, C.R.S. 1999, was an insurer under the provisions of the No–Fault Act, and subject to mandatory arbitration under § 10–4–717. However, a self-insurance pool was not involved and the court did not address § 24–10–115.5.

We further note that while §§ 24–10–115(2) and 24–10–116(2) authorize self-insurance pools to provide insurance by self-insurance, as occurred here, self-insurance pools are not issued certificates of self-insurance. They are regulated by Colorado's commissioner of insurance and are issued certificates of authority. *See* § 24–10–115.5(3), C.R.S.1999. Although they are subject to annual examinations by the commissioner of insurance to determine their ability to continue writing insurance, similar to insurance companies, *see* § 24–10–115.5(5), C.R.S.1999, self-insurance pools are not subject to most of the regulations and reporting requirements of insurance law.

We acknowledge that if a self-insurance pool provides coverage for its members by purchasing insurance from a company licensed to do business in Colorado, such insurance company then would be subject to mandatory arbitration under § 10–4–717.

*See* §§ 24–10–115.5(1) and 24–10–115(2)(b). We also recognize that vehicles owned by members of self-insurance pools must be insured under the No–Fault Act, like other vehicles in the state, *see* § 10–4–705, C.R.S. 1999, and that self-insurance pools also pay and recover PIP benefits. *See Rasmussen v. Sauer,* 597 N.W.2d 328 (Minn.App.1999) (the decision to become self-insured does not exempt a self-insurance pool from the requirements of the No–Fault Act).

Nevertheless, the fact that self-insurance pools are subject to the benefits requirements of the No–Fault Act does not prevent the General Assembly from excepting them from certain procedural requirements such as mandatory arbitration. We conclude that § 24–10–115.5 reflects such an intent to exclude public entity self-insurance pools from provisions generally applicable to insurance companies and other entities licensed to write insurance in the state of Colorado, except as otherwise specified.

■ We therefore hold that self-insurance pools constituted under § 24–10–115.5 are not insurers licensed to write motor vehicle insurance in Colorado for the purposes of the No–Fault Act, and are not subject to mandatory arbitration. Because the Self Insurance Pool was not precluded from bringing a direct action against defendants to recover the PIP benefits paid by the Self Insurance Pool, the trial court did not err in denying defendants' motion to dismiss.

Order affirmed.

Judge PIERCE * concurs.

Judge JONES concurs in part and dissents in part.

Judge JONES concurring in part and dissenting in part.

While I concur with the majority that this court has jurisdiction to consider this appeal, I believe that the trial court erred in concluding that a self insurance pool is not an insurer subject to mandatory arbitration for recovery of PIP benefits under the No–Fault

---

* Sitting by assignment of the Chief Justice under the provisions of the Colo. Const. art. VI, Sec.

5(3), and § 24–51–1105, C.R.S.1999.

Act. Thus, I respectfully dissent from Part II of the majority opinion.

When an accident involves a public school vehicle designed to transport seven or more passengers and a nonprivate passenger motor vehicle, the insurer of the public school vehicle has a direct cause of action against the owner, user, or operator of the nonprivate passenger motor vehicle to recover PIP benefits actually paid by the insurer. Section 10-4-713(2), C.R.S.1999. The parties agree that a dump truck qualifies as a nonprivate passenger motor vehicle. *See Farmers Insurance Exchange v. Bill Boom Inc.,* 961 P.2d 465 (Colo.1998).

Section 10-4-717, C.R.S.1999, provides that, when both parties to an action brought under § 10-4-713(2) are insurers licensed to do business in Colorado, the sole and mandatory remedy for recovery of PIP benefits is arbitration. *Baumgart v. Kentucky Farm Bureau Mutual Insurance Co.,* 199 Colo. 330, 607 P.2d 1002 (1980). Section 10-4-717 provides, in relevant part, that:

> *[e]very insurer licensed to write motor vehicle insurance in this state shall be deemed to have agreed,* as a condition to maintaining such license ... [t]hat, where its insured is or would be held legally liable under the provisions of section 10-4-713(2) for the benefits paid by another insurer ... it will reimburse such other insurer to the extent of such benefits ... and *[t]hat the issue of liability for such reimbursement and the amount thereof shall be decided by mandatory, binding intercompany arbitration* .... (emphasis added).

By its terms, § 10-4-717 only applies to insurers "licensed to write motor vehicle insurance" in Colorado. Self-insurers who maintain a certificate of self-insurance under § 10-4-716, C.R.S.1999, qualify as insurers licensed to write motor vehicle insurance in Colorado for the purposes of § 10-4-717 and are subject to mandatory arbitration. Foreign insurers and uninsured motorists are not subject to mandatory arbitration, and may bring a direct action to recover PIP expenditures. *Sakala v. Safeco Insurance Co.,* 833 P.2d 879 (Colo.App.1992).

Plaintiff here is a self insurance pool constituted under § 24-10-115.5, C.R.S.1999, which provides in relevant part:

> (1) Public entities may cooperate with one another to form a self-insurance pool to provide all or part of the insurance coverage authorized by this article or by section 29-5-111, C.R.S., for the cooperating public entities. Any such self-insurance pool may provide such coverage by the methods authorized in sections 24-10-115(2) and 24-10-116(2), by any different methods if approved by the commissioner of insurance, or by any combination thereof....

> (2) *Any self-insurance pool authorized by subsection (1) of this section shall not be construed to be an insurance company nor otherwise subject to the provisions of the laws of this state regulating insurance or insurance companies;* except that the pool shall comply with the applicable provisions of sections 10-1-203 and 10-1-204(1) to (5) and (10), C.R.S. (emphasis added).

Sections 24-10-115(2) and 24-10-116(2), C.R.S.1999, authorize self-insurance pools to provide insurance through the aegis of either self-insurance or by an insurance company authorized to do business in Colorado. Sections 10-1-203 and 10-1-204, C.R.S.1999, relate to financial examinations conducted by the insurance commissioner. Otherwise, self-insurance pools are governed solely by the provisions of § 24-10-115.5.

In *City of Arvada v. Colorado Intergovernmental Risk Sharing Agency,* 988 P.2d 184 (Colo.App.1999), a division of this court held that, under the plain language of § 24-10-115.5, self-insurance pools are not subject to certain notice requirements that the law imposes on insurance companies. The statute, therefore, deals solely with laws *regulating* insurance, and specifically insurance *companies.* It does not address the question of whether self-insurance pools are insurers for the purposes of the No-Fault Act.

I would conclude that self-insurance pools are insurers licensed to write motor vehicle insurance in Colorado, and that they are subject to the mandatory arbitration provisions of § 10-4-717. Several factors lead me to this conclusion.

Self-insurance pools are regulated by Colorado's Commissioner of Insurance, who issues them a certificate of authority to write insurance. Section 24–10–115.5(3), C.R.S. 1999. They are subject to annual examinations by the Commissioner of Insurance to determine their ability to continue writing insurance, as are insurance companies. Section 24–10–115.5(5), C.R.S.1999. Although they are not subject to most of the regulations and reporting requirements of insurance law, it is obvious that they are *licensed* to write insurance by the state of Colorado.

Therefore, I conclude that any self-insurance pool that is self-insured under § 24–10–115.5 is as much an insurer, licensed to do business in Colorado, as a self-insurer licensed under § 10–4–716, and is equally subject to mandatory arbitration to determine PIP benefits reimbursement under § 10–4–717. *See Sakala v. Safeco Insurance Co. supra; State Farm Mutual Automobile Insurance Co. v. Cabs, Inc., supra.*

It is notable that self-insurance is but one of the ways in which a self-insurance pool may provide coverage for its members. Another option is to purchase insurance from a company licensed to do business in Colorado. Sections 24–10–115.5(1) and 24–10–115(2)(b), C.R.S.1999. Such a company would be subject to mandatory arbitration under § 10–4–717. The General Assembly clearly regarded both options as equally viable, and did not intend for self-insurance pools to opt out of the No–Fault Act's requirement of mandatory arbitration merely by choosing to be self-insured. *See Rasmussen v. Sauer,* 597 N.W.2d 328 (Minn.Ct.App.1999) (the decision to become self-insured does not exempt a self-insurance pool from the requirements of the No–Fault Act).

I also conclude that exemption from regulation does not constitute exemption from the substantive requirements of insurance law. Vehicles owned by members of self-insurance pools must be insured under the No–Fault Act, as with every other vehicle in the state. Section 10–4–705, C.R.S.1999. Self-insurance pools pay PIP benefits and recover PIP benefits like every other insurer in Colorado. And, as they are subject to the benefits requirements of the No–Fault Act, they are also subject to its manifold procedural requirements.

For all of the above reasons, I would hold that self-insurance pools constituted under § 24–10–115.5 are insurers licensed to do business in Colorado and that they are to be regarded as such under the purposes of the No–Fault Act. As such, when self-insured, self-insurance pools are subject to mandatory arbitration of PIP benefits under § 10–4–717.

Here, plaintiff, Colorado School Districts Self Insurance Pool, is a self-insurance pool constituted under § 24–10–115.5, and provides coverage to its members through self-insurance. Therefore, I conclude that it is an insurer under the No–Fault Act and may only recover PIP benefits from another insurer through the sole and mandatory remedy of arbitration. Thus, I would hold that the trial court lacks jurisdiction over this case, and erred in denying defendants' motion to dismiss.