**J.P. MEYER TRUCKING AND CON-
STRUCTION, INC. and Lawrence
B. Johnson, Petitioners,**

v.

**COLORADO SCHOOL DISTRICTS SELF
INSURANCE POOL, Respondent.**

**No. 99SC949.**

Supreme Court of Colorado,
En Banc.

Feb. 20, 2001.

---

Dickinson, Everstine & Prud'Homme, LLP, Michelle R. Prud'Homme, Denver, CO, Attorneys for Petitioner.

Senter Goldfarb & Rice, L.L.C., Thomas S. Rice, Alenka J. Han, Richard W. Pruett, Denver, CO, Attorneys for Respondent.

Griffiths, Tanque & Light, P.C., Tami A. Tanque, Denver, CO, Attorneys for Amici Curiae Colorado Intergovernmental Risk Sharing Agency, Colorado Counties Casualty and Property Pool, Colorado Special Districts Property and Liability Pool.

Justice RICE delivered the Opinion of the Court.

We granted certiorari to review the court of appeals' decision in *Colorado School Districts Self Insurance Pool v. J.P. Meyer Trucking & Construction, Inc.*, 996 P.2d 257, 261 (1999), which held that self-insurance pools are "not insurers licensed to write motor vehicle insurance in Colorado for purposes of [section 10–4–717, 3 C.R.S. (2000) of] the No Fault Act and are [thus] not subject to mandatory arbitration." Before reaching this conclusion, the court of appeals found that it had subject-matter jurisdiction to review the arbitration issue under section 13–22–221(1)(a), 5 C.R.S. (2000) of the Uniform Arbitration Act ("UAA").

We now hold that the court of appeals did not have jurisdiction to consider an interlocutory appeal from the denial of Petitioners' motion to dismiss. Accordingly, we do not reach the substantive issue regarding the applicability of the arbitration provisions of the No Fault Act to self-insurance pools. Thus, we hereby vacate the court of appeals' judgment and dismiss the appeal.

## I. FACTS AND PROCEDURAL HISTORY

The Colorado School Districts Self Insurance Pool (the "Pool") is a public entity self-insurance pool created under the authority of section 24–10–115.5(1), 7 C.R.S. (2000).[1] Each member of the Pool pays annual contributions and the Pool is financed by those contributions and the interest earned on them.

On December 9, 1994, a dump truck owned by Petitioner J.P. Meyer Trucking and Construction, Inc. ("J.P. Meyer")[2] rear-ended a school bus owned by Denver School District No. 1 (the "District"). As a result of the collision, several passengers on the school bus sustained injuries. The District was a member of the Pool, and as such, the Pool paid personal injury protection ("PIP") benefits to the injured passengers. Subsequently, the Pool filed a direct action against Petitioners pursuant to section 10–4–713(2)(a), 5 C.R.S. (2000) of the No Fault Act for reimbursement of all PIP benefits paid to the injured bus riders. Petitioners moved to dismiss the action and the trial court granted the motion on grounds unrelated to this appeal. Respondent appealed the dismissal, and the court of appeals reversed, vacating the trial court order dismissing the present case.

Upon remand, Petitioners renewed their motion to dismiss the complaint, asserting that the Pool is an "insurer licensed to write motor vehicle insurance," and therefore required to arbitrate any dispute under section 10–4–717 of the No Fault Act. Without citing reasons for its decision, the trial court denied Petitioners' motion. The order was not made final pursuant to C.R.C.P. 54(b).

Petitioners filed a notice of appeal pursuant to C.A.R. 3, asserting that the court of appeals had jurisdiction in this case because, although not a final order, the denial of the motion to dismiss was "tantamount to the denial of a motion to enforce arbitration un-der an agreement to arbitrate [and was therefore] a final appealable order pursuant to § 13–22–221 [of the UAA]." R. at 48. Simultaneously, Petitioners filed a petition for a writ of prohibition under C.A.R. 21, requesting that this court exercise its original jurisdiction to prevent the trial court from proceeding. This court declined to issue a rule to show cause. The court of appeals, however, accepted the case on appeal.

In its published opinion, the court of appeals acknowledged the absence of a final order and that the No Fault Act does not authorize interlocutory appeals. *J.P. Meyer*, 996 P.2d at 259. It concluded, however, that it had jurisdiction under section 13–22–221(1)(a) of the UAA, which provides that denial of a motion to compel arbitration is an appealable order. *Id.* at 260. The court reasoned that the trial court's denial of Petitioners' motion to dismiss in this case was the equivalent of a denial of a motion to compel arbitration. *Id.*

Having found that it had jurisdiction to review the matter, the court of appeals concluded that the Pool was not "an insurer licensed to write motor vehicle insurance in Colorado" within the meaning of section 10–4–717, and was therefore not subject to the arbitration provisions of that section. *Id.* at 261. This conclusion was based, in part, on the language of the statute governing self-insurance pools: "Any self-insurance pool authorized by [this statute] shall not be construed to be an insurance company nor otherwise subject to the provisions of the laws of this state regulating insurance or insurance companies...." § 24–10–115.5(2). The court held that the legislature had intended to exclude public entity self-insurance pools from provisions generally applicable to insurance companies, like the arbitration provision at issue in this case, except as otherwise specified by section 24–10–115.5. *J.P. Meyer*, 996 P.2d at 261. Thus, the court of appeals

---

1. Through a public entity self-insurance pool, public entities may, rather than purchase insurance, choose to retain their risk and pool their resources to cover their exposure to such risk. A public entity self-insurance pool is formed by an agreement among the entities.

2. The dump truck was driven by Lawrence Johnson, an employee of J .P. Meyer.

upheld the trial court's denial of Petitioners' motion to dismiss. *Id.* This appeal followed.

## II. ANALYSIS

■ In order to address the applicability of the No Fault Act's arbitration requirement in this case, we must first determine whether we have jurisdiction to review the trial court's denial of Petitioners' motion to dismiss for lack of subject matter jurisdiction.[3] This court has not previously addressed whether section 13–22–221(1)(a) of the UAA authorizes an interlocutory appeal from the denial of a motion to dismiss based on an allegation that the dispute should be resolved by arbitration. *See Hughley v. Rocky Mtn. Health Maint. Org.,* 927 P.2d 1325, 1329 n. 8 (Colo.1996) (noting that "[b]y our judgment today we do not address whether the court of appeals had jurisdiction to review the trial court's various orders ... under [section 13–22–221]."). Accordingly, we now address the issue for the first time in the context of this case.

■ Generally, the entry of a final judgment is the prerequisite for an appeal.[4] *Harding Glass Co. v. Jones,* 640 P.2d 1123, 1125 n. 2. However, where specifically authorized by statute or rule, an appellate court may review interlocutory orders. C.A.R. 1(a), (c); *Vandy's Inc. v. Nelson,* 130 Colo. 51, 53, 273 P.2d 633, 634 (1954).

The court of appeals found that it had jurisdiction to review the trial court's interlocutory order under section 13–22–221(1)(a) of the UAA, holding that the trial court's denial of Petitioners' motion to dismiss for lack of subject-matter jurisdiction in this case was the equivalent of a denial of a motion to compel arbitration. *J.P. Meyer,* 996 P.2d at 260. We disagree.

■ The plain language of the UAA does not provide for interlocutory appellate jurisdiction in this case.[5] Section 13–22–204, 5 C.R.S. (2000) requires a trial court to order arbitration "[o]n application of a party showing an *agreement* described in section 13–22–203 and the opposing party's refusal to arbitrate." (Emphasis added.) Section 13–22–203, 5 C.R.S. (2000) describes such arbitration agreements as follows: "[a] written *agreement* to submit any existing controversy to arbitration or a *provision in a written contract* to submit to arbitration ... is valid, enforceable, and irrevocable." (Emphasis added.) Under section 13–22–221(1)(a), a party may appeal "[a]n order denying an application to compel arbitration made under section 13–22–204." This language clearly requires either a written arbitration agreement or a contractual arbitration provision. Neither exists here. Rather, the basis upon which arbitration was sought in this case was the statutory arbitration requirement found in section 10–4–717 of the No Fault Act.

Furthermore, the plain language of the UAA clearly provides for an appeal only after a motion to compel arbitration under section 13–22–204 has been denied. Here, it is undisputed that Petitioners did not seek to compel arbitration pursuant to section 13–22–204; rather, Petitioners filed a motion to dismiss pursuant to C.R.C.P. 12.[6]

---

3. Although the issue of jurisdiction was not raised by the parties in their appeal to this court, we may, *sua sponte,* raise the issue of jurisdictional defect. *Smeal v. Oldenettel,* 814 P.2d 904, 908 (Colo.1991) (noting that "We may, of course, notice questions of jurisdiction on our own motion."); *Sullivan v. Bd. of County Comm'rs,* 692 P.2d 1106, 1108 (Colo.1985) (holding that, "This court is free to consider the [lower] court's possible lack of subject matter jurisdiction notwithstanding any party's failure to raise the issue."). We ordered the parties to brief the issue of jurisdiction and have considered the arguments in those briefs in reaching our conclusion.

4. A final judgment is one that constitutes a complete determination of the rights of the parties involved. *Harding Glass v. Jones,* 640 P.2d 1123, 1125 n. 2 (Colo.1982).

5. Under well-established rules of statutory construction, courts should not "resort to interpretive rules of statutory construction, such as the legislative intent or the external circumstances at the time the statute was enacted" if the plain language of a statute is clear. *Town of Telluride v. Lot Thirty Four Venture, L.L.C.,* 3 P.3d 30, 35 (Colo.2000).

6. The court of appeals' reliance on *Camelot Investments, L.L.C v. LANDesign, L.L.C.,* 973 P.2d 1279 (Colo.App.1999) for the proposition that "an order by the trial court that is 'equivalent to the denial of a motion to compel arbitration' is appealable under § 13–22–221(1)(a)," is misplaced. *See J.P. Meyer,* 996 P.2d at 259. Unlike the present case, *Camelot* involved a trial court's awarding attorneys' fees after dismissing a com-

Thus, a plain language reading of the UAA reveals that the appeal rights afforded by that act do not apply in this case because there is no written arbitration agreement or contractual arbitration clause at issue. Furthermore, the parties here do not appeal a denial of a motion to compel arbitration; rather, they dispute the denial of their motion to dismiss for lack of subject matter jurisdiction.

Moreover, the specificity of the language in the UAA reveals an intent by the legislature to limit the availability of an appeal to the circumstances detailed in the statute. *Lunsford v. W. States Life Ins.*, 908 P.2d 79, 84 (Colo.1995) ("When the legislature speaks with exactitude, [courts] must construe the statute to mean that the inclusion or specification of a particular set of conditions necessarily excludes others."). Here, the precise language of section 13–22–221 leaves no room for permitting appeals other than those specifically enumerated. The language is so specific, in fact, that courts have not even read the statute to allow for an appeal from an order *compelling* arbitration. Rather, courts have restricted it to allow only for appeals from an order *denying* a motion to compel arbitration, as the plain language requires.[7]

Having concluded that the plain language of the UAA reveals no intent by the legisla-

ture to provide appeal rights to the parties in this case, we hereby reverse the court of appeals' decision and hold that it had no jurisdiction to review this case because appellate jurisdiction under the statute is limited to the denial of a motion to compel arbitration based upon a written agreement to arbitrate or an arbitration provision in a contract.

## III. CONCLUSION

In sum, we hold that the court of appeals erred in asserting jurisdiction over this case because the trial court's order denying Petitioners' motion to dismiss was not a final action, and because neither the No Fault Act nor the UAA provides the right to an interlocutory appeal in this case. Accordingly, because no jurisdiction exists to review this case, we cannot address the substantive issues raised by the parties.

The court of appeals' judgment is vacated and the appeal is dismissed.

---

plaint that arose from a contract containing an arbitration clause. *Camelot*, 973 P.2d at 1280. On appeal, the court held that because the parties had argued that the issue of attorneys' fees was subject to arbitration under the contract, the trial court's order effectively constituted a denial of a motion to compel arbitration on the issue. *Id.* Because no such contractual arbitration clause is at issue in this case, we find that the trial court's denial of Petitioners' motion to dismiss cannot be construed as a motion to compel arbitration under the UAA.

7. *E.g., Thomas v. Farmers Ins. Exch.*, 857 P.2d 532, 534 (Colo.Ct.App.1993) ("[A]n order compelling arbitration, because it is merely an inter-

locutory order and is not listed as such in § 13–22–221, is not an appealable order."); *Associated Natural Gas, Inc. v. Nordic Petroleums, Inc.*, 807 P.2d 1195, 1196 (Colo.Ct.App.1990) ("An order compelling parties to arbitrate is not appealable and thus is interlocutory in nature."); *Frontier Materials, Inc. v. City of Boulder*, 663 P.2d 1065, 1066 (Colo.Ct.App.1983) ("Section 13–22–204, ... entitled "Appeals," specifies those orders from which an appeal may be taken under the [UAA]. Conspicuously absent from that list is an order by the court compelling the parties to arbitrate.... [W]e are not aware ... of any authority which would support the view that such an order is a final appealable order.").