**LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation, Plaintiff–Appellant,**

v.

**HORACE MANN INSURANCE COMPANY, an Illinois corporation, Defendant–Appellee.**

No. 00CA2132.

Colorado Court of Appeals, Div. I.

Sept. 27, 2001.

York and Gregory, P.C., Glen W. Gregory, Matthew B. Bushong, Denver, CO, for Plaintiff–Appellant.

Grund & Breslau, P.C., Brad W. Breslau, Richard R. Rardin, Denver, CO, for Defendant–Appellee.

Opinion by Judge NEY.

Plaintiff, Liberty Mutual Insurance Company, appeals from summary judgment entered in favor of defendant, Horace Mann Insurance Company, confirming an arbitration award. We affirm.

This dispute arises out of an automobile accident between the parties' insureds. After paying personal injury protection (PIP) benefits of approximately $18,000 to its insureds, Horace Mann sought subrogation from Liberty Mutual by intercompany arbitration pursuant to § 10–4–717(1), C.R.S. 2001. An arbitration decision was subsequently rendered against Liberty Mutual for the PIP benefits paid by Horace Mann.

Meanwhile, Liberty Mutual had filed a petition with the trial court, seeking a declaratory judgment that it was not subject to the

mandatory arbitration provisions of § 10–4–717(1). Liberty Mutual also requested an order vacating the arbitration award. Horace Mann sought confirmation of the arbitration award pursuant to § 13–22–213, C.R.S. 2001. The matters were consolidated.

The trial court dismissed Liberty Mutual's claims on summary judgment and confirmed the arbitration award. This appeal followed.

### I.

■ Liberty Mutual first contends that the trial court erred in dismissing its declaratory judgment claims because Horace Mann's subrogation claim is not subject to mandatory arbitration under the Colorado Auto Accident Reparations Act (No–Fault Act), § 10–4–701, et seq., C.R.S.2001. We disagree.

Section 10–4–717(1), which governs intercompany arbitration, states in relevant part:

Every insurer licensed to write motor vehicle insurance in this state shall be deemed to have agreed ... [t]hat the issue of liability for [PIP benefits] reimbursement and the amount thereof shall be decided by mandatory, binding intercompany arbitration. . . .

Liberty Mutual argues that the $18,000 subrogation Horace Mann is seeking for reimbursement of PIP benefits will not be paid by Liberty Mutual because its policy with its insured contains a $250,000 deductible. As such, the amount sought by Horace Mann will be paid entirely by the insured. Thus, Liberty Mutual asserts that the dispute here is between Horace Mann and Liberty Mutual's insured and, therefore, the intercompany mandatory arbitration provision is not applicable. It relies on *Baumgart v. Kentucky Farm Bureau Mutual Insurance Co.*, 199 Colo. 330, 607 P.2d 1002 (1980), which held that mandatory intercompany arbitration governs only licensed insurers. Here, it is undisputed that both parties are licensed insurers. Thus, *Baumgart* is not applicable to the facts presented here.

Moreover, we are not persuaded by Liberty Mutual's characterization of the dispute here as between Horace Mann and Liberty Mutual's insured because the amount sought for reimbursement of PIP benefits is less than the insured's deductible.

We conclude that, whether the deductible in the policy at issue was higher than any of the minimum required coverages under the No Fault Act, the deductible is an issue between Liberty Mutual and its insured. Thus, we conclude that the plain language of the mandatory arbitration provision governs Liberty Mutual, as a licensed insurer. *See* § 10–4–717(1); *Sakala v. Safeco Insurance Co.*, 833 P.2d 879 (Colo.App.1992).

Accordingly, the trial court properly dismissed Liberty Mutual's declaratory judgment claims on summary judgment.

### II.

Liberty Mutual also contends that the trial court erred in confirming the arbitration award. Specifically, it argues that the trial court should have vacated the award pursuant to § 13–22–214(1)(a)(IV), C.R.S.2001, because the arbitrator refused to postpone the hearing upon a showing of sufficient cause, or pursuant to § 13–22–214(1)(a)(V), C.R.S. 2001, because there was no arbitration agreement and Liberty Mutual did not participate in the arbitration hearing. We disagree.

On July 1, 1999, Liberty Mutual requested a one-year deferment of the arbitration hearing based on an arbitration rule allowing such deferment until "all companion claims or suits not subject to arbitration have been disposed of." Horace Mann objected to the deferment, and a "deferment challenge" hearing was scheduled for January 13, 2000. Liberty Mutual voluntarily did not participate in the hearing. Then, on the day of the hearing, the arbitrator denied the deferment request and decided on the merits in favor of Horace Mann.

### A.

■ Liberty Mutual now contends that there was sufficient cause for the arbitrator to postpone the hearing pursuant to § 13–22–214(1)(a)(IV). We disagree.

The arbitrator found no such cause because there were no other proceedings pending. And, although Liberty Mutual ap-

parently had filed this declaratory judgment action the day before the hearing, it had over six months prior to the hearing to do so.

Under these circumstances, we conclude that there was not sufficient cause to require the arbitrator to postpone the hearing. In any event, we also conclude that Liberty Mutual has not asserted that its rights were substantially prejudiced by the arbitrator's decision to proceed and, thus, Liberty Mutual's claim under § 13–22–214(1)(a)(IV) must fail.

### B.

Alternatively, Liberty Mutual contends that no arbitration agreement exists between the parties, and as a result, the court should have vacated the arbitration award pursuant to § 13–22–214(1)(a)(V). This contention is based on the argument that § 10–4–717(1) is not applicable to this case. However, we have already concluded above that § 10–4–717(1) is applicable, and thus this contention is not persuasive.

Accordingly, we affirm the trial court's confirmation of the arbitration award. *See Byerly v. Kirkpatrick Pettis Smith Polian, Inc.,* 996 P.2d 771 (Colo.App.2000)(the party seeking to set aside an arbitration award must assert a ground for relief under § 13–22–214(1), or the award must be affirmed).

Judgment affirmed.

Judge METZGER and Judge TAUBMAN, concur.