## MARSHWOOD ASSOCIATES

### v.

## KRUMBHAAR & HOLT, ASSOCIATED ARCHITECTS, P.A. and Gerard Construction Co., Inc.

Supreme Judicial Court of Maine.

Argued Sept. 15, 1982.

Decided Oct. 13, 1982.

Isaacson, Isaacson & Hark, Robert S. Hark (orally), Lewiston, for plaintiff.

Hunt, Thompson & Bowie, Roy E. Thompson, Jr. (orally), Portland, for defendants.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

Plaintiff Marshwood Associates (Marshwood) appeals from an order of the Superior Court (Androscoggin County), denying its motion to compel and consolidate arbitration with defendant Krumbhaar & Holt (K & H), and from a second order concerning the appointment of an arbitrator. Plaintiff argues that appeal is authorized by the Uniform Arbitration Act. 14 M.R.S.A. §§ 5927–5949 (1967). We disagree and dismiss the appeal for lack of an appealable order.

I.

Marshwood is the owner of a nursing home in Lewiston which was designed by K & H and constructed by Gerard Construction Co., Inc. (Gerard). On July 18, 1980, Gerard filed a demand for arbitration against Marshwood with the American Arbitration Association for non-payment of $57,185.82 due on the project. Marshwood subsequently countered with a demand for $163,000.00, alleging Gerard had constructed the building in a defective manner. On August 14, 1980, Marshwood filed a demand for arbitration against K & H seeking $158,000.00 for various design defects.

Both the architectural and construction contracts contained arbitration clauses.

The Gerard contract specifically designated that all claims be decided in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association.[1] No procedure for the designation of arbitrators was adopted in the K & H contract.[2]

On October 6, 1980, Marshwood filed a "complaint" pursuant to 14 M.R.S.A. § 5943 against both Gerard and K & H, and an *ex parte* motion to "show cause," seeking judgment to compel and consolidate the pending arbitrations due to its concern that separate proceedings could result in inconsistent awards. Only K & H objects to the motion.

The Superior Court ruled that K & H was not obliged to arbitrate pursuant to the provisions of the Gerard contract and accordingly denied Marshwood's application to compel and consolidate arbitration. Marshwood then filed the present appeal.

Prior to hearing before the Law Court, however, Marshwood sought and obtained an order of remand to enable the Superior Court to entertain a motion under 14 M.R.S.A. § 5929 for the appointment of arbitrators, on the theory that the appointment of common arbitrators would adequately dispose of the matter then pending before this Court. The Superior Court, however, ordered the appointment of a different arbitrator to hear and consider any demand for arbitration which "may be" filed pursuant to the agreement between Marshwood and K & H. Marshwood then filed a new notice of appeal from both Superior Court orders.

II.

■ In general, the final judgment rule precludes appeal of interlocutory orders.

---

1. The Gerard arbitration provision reads in relevant part:

    7.9 ARBITRATION

    7.9.1 All claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the Contract Documents or the breach thereof, . . . shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. No arbitration arising out of or relating to the Contract Documents shall include, by consolidation, joinder or in any other manner, the Architect, his employees or consultants except by written consent containing a specific reference to the Owner-Contractor Agreement and signed by the Architect, the Owner, the Contractor and any other person sought to be joined.

2. The K & H arbitration provision states:

    15. All questions in dispute under this Agreement shall be submitted to arbitration at the choice of either party.

*Connors v. International Harvester Co.,* Me., 437 A.2d 880, 881 (1981). Numerous exceptions have been created, either by statute or by decision of this Court.

 In *Maine Central Railroad Co. v. Bangor & Aroostock Railroad Co.,* Me., 395 A.2d 1107, 1113 (1978), it was held that 14 M.R.S.A. § 5945(1)(C), which governs appeals from orders confirming or denying confirmation of arbitration awards, constitutes a legislative exception to the final judgment rule by allowing for an immediate appeal of such interlocutory orders. This Court has not had occasion to determine whether the other provisions of 14 M.R.S.A. § 5945 [3] also lie within that exception. Resolution of the issue is not necessary in this appeal since neither order falls within the provisions of section 5945 nor any other exception to the final judgment rule.

(A) *Marshwood's Motion to compel arbitration and consolidate the proceedings.*

 The initial order of the court could be facially construed to be a denial of "plaintiff's application to compel arbitration by Defendant Krumbhaar & Holt." Such a construction would place the order within the scope of 14 M.R.S.A. § 5945(1)(A). That construction, however, is simply not consistent with the underlying facts, the motion, or the resulting order.

Despite any characterization to the contrary, the gravamen of Marshwood's motion was its prayer for an order *consolidating* the two pending arbitrations, not an order to *compel* arbitration. The court noted that K & H did not deny the existence of an agreement to arbitrate but rather denied

that it was bound to arbitrate through the American Arbitration Association "as claimed by the Plaintiff" in seeking consolidation. Therefore, to interpret the court's order as being within the purview of a section 5945(1)(A) appeal would be to misconstrue the substance of the proceedings below.

(B) *Order Appointing Arbitrator.*

 Marshwood further argues that the order of December 14, 1981 appointing an arbitrator falls within the broad terms of section 5945(1)(F), and therefore should similarly be reviewable by this Court through an extension of the rule adopted in *Maine Central Railroad Co. v. Bangor & Aroostock Railroad Co.,* Me., 395 A.2d 1107, 1113 (1978). We disagree.

In interpreting the statute, the Court must consider the underlying purpose of arbitration to provide an expeditious and effective method for resolving disputes. The appointment of an arbitrator is merely a preliminary step in the process which does not yet involve or determine the underlying merits of the action. As such, an order of appointment would be better considered in an appeal pursuant to 14 M.R.S.A. § 5945 subsequent to an award by the arbitrator, rather than to disrupt the proceedings at the very outset.

The entry is:

Appeal dismissed.

All concurring.

---

3. 14 M.R.S.A. § 5945 provides:

§ *5945. Appeals*

*1.* Grounds for appeal. An appeal may be taken from:

A. An order denying an application to compel arbitration made under section 5928;

B. An order granting an application to stay arbitration made under section 5928, subsection 2;

C. An order confirming or denying confirmation of an award;

D. An order modifying or correcting an award;

E. An order vacating an award without directing a rehearing; or

F. A judgment or decree entered pursuant to the provisions of this chapter.

*2. Procedure.* The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action.