D'Esta Y. THOMAS, Plaintiff-Appellee,

v.

FARMERS INSURANCE EXCHANGE,
Defendant-Appellant.

No. 91CA1824.

Colorado Court of Appeals,
Div. III.

Feb. 25, 1993.

Rehearing Denied April 8, 1993.

Certiorari Denied Sept. 13, 1993.

The Law Firm of Kenneth A. Jaray, Kenneth A. Jaray, Hyla S. Viorst, Colorado Springs, for plaintiff-appellee.

Retherford, Mullen, Rector & Johnson, J. Stephen Mullen, Amelia L. Klemme, Colorado Springs, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Farmers Insurance Exchange (Farmers), appeals from the order of the district court which confirmed an arbitrator's decision. We dismiss the appeal.

Plaintiff, D'Esta Y. Thomas (the insured), was issued a policy of insurance by Farmers that provided for uninsured motorist coverage. It also provided that the amount of damages which the insured would be entitled to recover under this coverage is to be determined "by agreement between the insured person and [Farmers]." However, "[i]f no agreement is reached [upon this subject], the decision will be made by arbitration."

Sometime in 1987, the insured sustained injuries in an automobile accident to which

the uninsured motorist provisions of the policy would normally have applied. The insured gave timely notice of her claim to Farmers, but did not seek to pursue that claim until after the statute of limitations had run on her tort claim against the uninsured motorist. Thereafter, Farmers asserted, in effect, that the insured's claim under the policy was governed by the same period of limitations that was applicable to her tort claim against the uninsured motorist. Hence, it denied coverage under its policy.

In order to resolve this coverage question, the parties entered into a special arbitration agreement. This agreement provided, among other things, that the issue of "the applicability" of the uninsured motorist coverage would be submitted to a specified arbitrator and that the arbitrator's "ultimate decision with regard to the issue of such coverage shall be fully appealable to the same extent as any final judgment would be...." The agreement also provided that, once this coverage issue was finally resolved by the exhaustion of all appeals, if its final resolution was in favor of the insured, her underlying claim would still be subject to all of the terms and conditions of the policy, "including ... the arbitration provisions for uninsured motorist coverage."

Pursuant to this agreement, the issue of the applicability of the uninsured motorist coverage to the insured's claim was submitted to an arbitrator. That arbitrator ruled that, under the policy's arbitration provisions, the time for demanding arbitration did not commence to run until the insured was made aware that Farmers would not settle her claim "by agreement," as required by the policy. Hence, the arbitrator determined that:

> The parties are now obligated by the terms of the policy to proceed with arbitration of the [insured's] claim.

Thereafter, in purported compliance with the parties' special arbitration agreement, Farmers applied to the district court for confirmation of the arbitrator's decision pursuant to the Uniform Arbitration Act, §§ 13–22–213 and 13–22–218, C.R.S. (1987 Repl.Vol. 6A). Farmers attached to its motion for confirmation the record made before the arbitrator, but it did not state any objections to confirmation of the decision, nor did it assert that the decision contained any legal deficiencies.

Pursuant to Farmer's motion, the trial court entered its order of confirmation without adopting any findings or conclusions and without addressing any of the legal issues that Farmers now raises before us.

### I.

■ This court lacks jurisdiction to review an arbitrator's award; it has jurisdiction to review only orders and judgments entered by statutorily specified courts. *See* § 13–4–102, C.R.S. (1987 Repl.Vol. 6A); § 13–22–221, C.R.S. (1987 Repl.Vol. 6A); *South Washington Associates v. Flanagan,* 859 P.2d 217 (Colo.App.1992).

■ Here, defendant raised none of the issues before the district court that it seeks to raise before us. On the contrary, defendant *itself* affirmatively sought an order from the trial court confirming the arbitrator's decision. Under these circumstances, it cannot appeal from the very order that it requested the court to enter. *See Digby v. Denner,* 156 Colo. 260, 398 P.2d 30 (1965) (order entered by trial court at request of one party is not subject to review upon appeal by that party). *See also South Washington Associates v. Flanagan, supra* (stipulation by party to entry of order confirming arbitrator's award constituted waiver of right under statute to contest award).

Hence, we conclude that defendant cannot be considered to be aggrieved by the order that it requested to be entered, and it cannot prosecute an appeal from that order.

### II.

Because the issue may arise in later proceedings, we have also considered whether the nature of the confirming order entered

here is such that it can constitute a final judgment for appeal purposes. We conclude that it cannot.

The Uniform Arbitration Act, § 13–22–201, et seq., C.R.S. (1987 Repl.Vol. 6A), authorizes a party to an arbitration agreement to apply to the district court for an order compelling arbitration. Section 13–22–204, C.R.S. (1987 Repl.Vol. 6A). Further, upon the entry of an "award," a party may apply to the court for an order confirming that award, § 13–22–213, C.R.S. (1987 Repl.Vol. 6A), or for an order requesting its vacation upon specific statutory grounds. Section 13–22–214, C.R.S. (1987 Repl.Vol. 6A). Finally, § 13–22–221, C.R.S. (1987 Repl.Vol. 6A) authorizes an appeal to be taken from certain of the district court's orders in the same manner and to the same extent as appeals may be taken from court orders and judgments in other civil actions.

Not all orders entered by a trial court respecting arbitration proceedings are appealable, however. Hence, an order compelling arbitration, because it is merely an interlocutory order and is not listed as such in § 13–22–221, is not an appealable order. *Frontier Materials, Inc. v. Boulder*, 663 P.2d 1065 (Colo.App.1983). And, this is true even if the court's order determines the substantive issue of the arbitrability of the underlying dispute. *Associated Natural Gas, Inc. v. Nordic Petroleums, Inc.*, 807 P.2d 1195 (Colo.App.1990).

Rather, any assertion that the trial court erred in directing arbitration cannot be raised before an appellate court until there has been an award by the arbitrator on the merits of the controversy and a court order entered confirming that award. *The Bluffs, Inc. v. Wysocki*, 68 N.C.App. 284, 314 S.E.2d 291 (1984).

Here, the parties' special arbitration agreement contemplated that the arbitrator would first determine the validity of Farmers' claim that the statute of limitations had run. However, an assertion that a demand for arbitration has not been made in a timely manner does not generally implicate an issue respecting the dispute's arbitrability. Rather, this question is generally looked upon as an affirmative defense, the resolution of which rests within the sole responsibility of the arbitrator. *See John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); *Denhardt v. Trailways, Inc.*, 767 F.2d 687 (10th Cir.1985).

Further, the parties' special agreement also contemplated that if, as occurred, the arbitrator resolved this issue in favor of the insured, there would be additional arbitration proceedings. It was for this reason that the arbitrator specifically held that further proceedings would be required.

Therefore, given the interlocutory nature of the decision by the arbitrator, even if we assume that such decision constituted an "award" that a district court had jurisdiction to review under either § 13–22–213 or § 13–22–214, *cf. State System of Higher Education v. Ass'n of Pennsylvania State College & University Faculties*, 121 Pa. Cmwlth. 607, 550 A.2d 1385 (1988) (arbitrator's decision on issue of arbitrability is interlocutory and not subject to review by court prior to award on the merits), nevertheless, the order of the trial court approving such decision is not appealable.

It is true that § 13–22–221(1)(c), C.R.S. (1987 Repl.Vol. 6A) authorizes an appeal from a court order confirming an award. The "award" here, however, did nothing more than to direct further arbitration. The legal effect of the court order confirming that award, therefore, was simply to add judicial force to the arbitrator's direction; that order was the functional equivalent of an order directing arbitration under § 13–22–204. *Cf. County of Hennepin v. ADA–BEC Systems*, 394 N.W.2d 611 (Minn.App.1986) (order denying stay of court proceedings pending arbitration is the "functional equivalent" of an order denying arbitration and, hence, is appealable under the Uniform Arbitration Act).

Because the court order here had no legal effect other than to require the parties to arbitrate the underlying dispute, we

conclude that it cannot be reviewed at this time, and Farmers' appeal is premature.

Therefore, the appeal is dismissed.

NEY and REED, JJ., concur.