James **GERGEL** and Carol Gergel, **Plaintiffs–Appellants,**

v.

**HIGH VIEW HOMES, L.L.C.** and Linda A. Elliot, **Defendants–Appellees.**

**No. 01CA1321.**

Colorado Court of Appeals, Div. I.

July 5, 2002.

Certiorari Denied Dec. 16, 2002.

---

1. Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2001

Vanatta, Sullan, Sandgrund & Sullan, P.C., Ronald M. Sandgrund, Scott F. Sullan, Greenwood Village, Colorado, for Plaintiffs–Appellants.

Brega & Winters, P.C., James W. Bain, Denver, Colorado, for Defendants–Appellees.

Opinion by Chief Judge HUME.

Plaintiffs, James and Carol Gergel, appeal the trial court's order denying their motion to enjoin arbitration of their construction defect claims against defendants, High View Homes, L.L.C. and Linda A. Elliot. Plaintiffs also appeal the trial court's order denying their motion for leave to file a supplemental complaint. We dismiss the appeal without prejudice for lack of jurisdiction.

Plaintiffs initially brought suit in the trial court. Relying on a provision in a contract between plaintiffs and High View calling for arbitration of disputes, defendants moved to compel arbitration of plaintiffs' claims. The trial court denied the motion, ruling that plaintiffs' claims were not subject to the arbitration provision under the intertwining doctrine. A division of this court reversed that decision. *Gergel v. High View Homes, L.L.C.*, 996 P.2d 233 (Colo.App.1999)(*Gergel I*). On remand, pursuant to mandate, the trial court stayed its proceedings and directed the parties to arbitrate.

The parties then contacted the American Arbitration Association (AAA), as called for by the arbitration provision. Following initial efforts to select an arbitration panel, plaintiffs filed the combined motion that is the subject of this appeal. The substantive bases for plaintiffs' motion were claims that

the AAA was not impartial and had demanded excessive and unreasonable administrative fees.

Plaintiffs requested leave to file a supplemental complaint detailing their factual allegations and adding claims for declaratory and injunctive relief against the AAA. Plaintiffs likewise requested a temporary restraining order, a preliminary injunction, and a permanent injunction against the arbitration and asked the court to reassert its jurisdiction to determine the merits of the action against defendants. Alternatively, plaintiffs requested that the court select an arbitrator to determine the matter.

The trial court initially denied the request for a temporary restraining order. After briefing, the court denied the motion for leave to file a supplemental complaint in light of the *Gergel I* mandate to stay proceedings and also denied the motion to enjoin the arbitration, concluding that the fees charged by the AAA did not render the arbitration agreement void as unconscionable. The trial court then again directed the parties to proceed with arbitration. This appeal followed.

## I.

Plaintiffs request that we reverse the trial court's order denying their motion to enjoin arbitration. Concluding that we are not authorized to hear this interlocutory appeal, we dismiss the appeal for lack of jurisdiction.

## A.

 Generally, the entry of a final judgment is a jurisdictional prerequisite to an appeal. *See* C.R.C.P. 54; C.A.R. 1(a). A final judgment is one that constitutes a complete determination of the rights of the parties involved. However, an appellate court may review interlocutory orders where specifically authorized by statute or rule. *J.P. Meyer Trucking & Constr., Inc. v. Colo. Sch. Dists. Self Ins. Pool,* 18 P.3d 198 (Colo.2001). The stay of proceedings in the trial court mandated by *Gergel I* did not constitute a final judgment. *See Things Remembered v. Fireman's Ins. Co.,* 924 P.2d 1089 (Colo.App. 1996); *Monatt v. Pioneer Astro Indus., Inc.,* 42 Colo.App. 265, 592 P.2d 1352 (1979).

A limited right of interlocutory appellate review was created by the Colorado Uniform Arbitration Act of 1975, § 13–22–201, et seq., C.R.S.2001. The Act governs this case involving the arbitration of a dispute arising in Colorado. *See Marina Cove Condo. Owners Ass'n v. Isabella Estates,* 109 Wash.App. 230, 34 P.3d 870 (2001)(Federal Arbitration Act does not preempt state arbitration law in case of home construction not affecting interstate commerce). The Act expresses a policy preference for arbitration as an alternative means of dispute resolution. *See* § 13–22–202, C.R.S.2001; *Huizar v. Allstate Ins. Co.,* 952 P.2d 342 (Colo.1998).

The Act permits a party to petition the trial court to stay judicial proceedings and compel arbitration when there is an agreement to arbitrate between the parties to the action, § 13–22–204(1), C.R.S.2001, such as the petition defendants filed in *Gergel I.* The Act also permits motions to stay arbitration proceedings that are either threatened or commenced in the absence of a valid arbitration agreement. § 13–22–204(2), C.R.S.2001.

With respect to appellate review, the Act states as follows:

An appeal may be taken from:

(a) An order denying an application to compel arbitration made under section 13–22–204;

(b) An order granting an application to stay arbitration made under section 13–22–204(2); (c) An order confirming or denying confirmation of an award;

(d) An order modifying or correcting an award;

(e) An order vacating an award without directing a rehearing;

(f) A judgment or decree entered pursuant to the provisions of [the Act].

§ 13–22–221(1), C.R.S.2001.

By this provision, the Act creates a right of interlocutory appeal available only to parties seeking to arbitrate. The specific language of the Act reveals a legislative intent to limit appeals to the listed circumstances. *See J.P. Meyer Trucking & Constr., Inc. v. Colo. Sch. Dists. Self Ins. Pool, supra.*

■ Divisions of this court have previously held that an order compelling arbitration is not appealable because it is not denominated as such by the Act. *Associated Natural Gas, Inc. v. Nordic Petroleums, Inc.*, 807 P.2d 1195 (Colo.App.1990); *Frontier Materials, Inc. v. City of Boulder*, 663 P.2d 1065 (Colo. App.1983). Likewise, we hold that the Act, in expressly authorizing only a right to appeal from an order *granting* a stay of arbitration, does not authorize an appeal from an order *denying* a stay of arbitration.

In this regard, we join other jurisdictions that have construed the Uniform Arbitration Act in the same manner. *Hodes v. Comprehensive Health Assoc., P.A.*, 9 Kan.App.2d 36, 670 P.2d 76 (1983)(collecting cases); *J.M. Huber Corp. v. Main–Erbauer, Inc.*, 493 A.2d 1048 (Me.1985); *Sch. Comm. v. Agawam Educ. Ass'n*, 371 Mass. 845, 359 N.E.2d 956 (1977)(collecting cases). We also note that under the parallel provision of the Federal Arbitration Act, an appeal from an interlocutory order denying a stay of arbitration is expressly precluded. 9 U.S.C. § 16(b)(4); *see Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000).

### B.

■ Plaintiffs nevertheless contend that their appeal is not barred by the Act because they are not appealing a decision on the arbitrability of their claims, as was decided in *Gergel I*. Rather, they argue now, for the first time, that they are being deprived of access to the arbitral forum by what they characterize as unreasonable and excessive administrative fees rendering the arbitration agreement void as unconscionable. Plaintiffs argue that they do not appeal the question of arbitrability, but seek relief from conditions that bar them from completing the arbitration.

■ This argument fails for two reasons. First, despite plaintiffs' attempt to distinguish their present motion from the substance of the issues litigated in *Gergel I*, we discern no distinction material to the right to appeal. Both here and in *Gergel I*, the essence of the dispute is the existence of a valid agreement compelling arbitration of the claims at issue. The determination of a valid agreement by the trial court does not trigger an appeal right under the Act. *See* §§ 13–22–204, 13–22–221, C.R.S.2001. For purposes of that determination, it is immaterial that in *Gergel I* the issue was whether the claims were subject to the arbitration agreement, while here the issue is the validity of the arbitration agreement itself.

Second, even if plaintiffs' motion here concerned something other than the arbitrability of their claims under the arbitration agreement, the trial court's interlocutory order would still not be appealable. *See J.P. Meyer Trucking & Constr., Inc. v. Colo. Sch. Dists. Self Ins. Pool, supra*. During oral argument before this court, defendants' counsel conceded that the issue of whether the arbitration agreement has been rendered unconscionable will not be mooted either by proceeding to an arbitration award or by a default for failure to advance fees, but that the trial court's order on unconscionability may be appealed upon entry of a final judgment after arbitration proceedings have been concluded.

### C.

Plaintiffs argue primarily that we may exercise jurisdiction over this appeal pursuant to C.A.R. 1(a)(3), which permits appeal of the denial of a request for temporary injunction. Plaintiffs note that their motion in the trial court was styled as a motion for preliminary injunction. We are not persuaded.

■ Pursuant to C.A.R. 1(a)(3), the grant or denial of a temporary injunction is an appealable order. Under this rule, the grant or denial of a preliminary injunction may be reviewed. *See, e.g., Rathke v. MacFarlane*, 648 P.2d 648 (Colo.1982); *Colo. State Bd. of Optometric Exam'rs v. Dixon*, 165 Colo. 488, 440 P.2d 287 (1968)(construing identical provision in precursor to C.A.R.). *Compare In re Marriage of Finer*, 893 P.2d 1381 (Colo. App.1995)(court of appeals has initial jurisdiction for appeals from grant or denial of a preliminary injunction), *with Joel L. Schaffer, P.C. v. Christopher M. Sullivan, P.C.*, 844 P.2d 1327 (Colo.App.1992)(court of appeals has jurisdiction for appeal of denial of

preliminary injunction only because supreme court refused to accept transfer of case).

However, in determining whether a trial court's order is subject to review, the appellate court must consider the substance and not the form of the order. *See Levine v. Empire Sav. & Loan Ass'n*, 192 Colo. 188, 557 P.2d 386 (1976); *Johnson v. Johnson*, 132 Colo. 236, 287 P.2d 49 (1955); *see also O'Connell v. Colo. State Bank*, 633 P.2d 511 (Colo.App.1981)(order titled as temporary restraining order properly characterized as preliminary injunction and therefore subject to appellate review).

An order that is the functional equivalent of an order directing arbitration is not appealable. *Thomas v. Farmers Ins. Exch.*, 857 P.2d 532 (Colo.App.1993); *cf. Camelot Invs., L.L.C. v. LANDesign, L.L.C.*, 973 P.2d 1279 (Colo.App.1999)(order that is the functional equivalent of the denial of a motion to compel arbitration is appealable).

The purpose of a temporary injunction is to prevent a tort or wrong and to preserve the status quo pending a final hearing and determination of the parties' controverted rights. *Spickerman v. Sproul*, 138 Colo. 13, 328 P.2d 87 (1958); *Monatt v. Pioneer Astro Indus., Inc., supra.*

Here, plaintiffs requested neither temporary relief nor preservation of the status quo. Instead, they requested that the trial court declare the arbitration provision void as unconscionable, permanently enjoin the arbitration proceedings, and reassert jurisdiction of their substantive claims. The order rejected this request on its merits and instead directed the parties back to arbitration.

Plaintiffs also requested temporary injunctive relief, namely a temporary restraining order and a stay of arbitration pending the court's determination of their motion. However, although the court denied that temporary relief, it appears from the record that the arbitration proceedings were nevertheless held in abeyance pending the court's ruling. In any event, plaintiffs do not challenge here the trial court's refusal to enjoin arbitration proceedings pending its determination of plaintiffs' combined motion. *See*

*Hodes v. Comprehensive Health Assocs., P.A., supra* (order denying stay of arbitration cannot be construed as order denying a motion for injunction where movant obtained relief in nature of temporary injunction by restraint of arbitration pending determination of request for stay).

Here, plaintiffs request that we review the trial court's ruling refusing to permanently enjoin arbitration proceedings and directing the parties back to arbitration. Such a ruling is not the denial of a temporary injunction subject to review under C.A.R. 1(a)(3). Instead, it is an interlocutory order directing arbitration, which is not appealable. *See Thomas v. Farmers Ins. Exch., supra.*

## II.

Plaintiffs contend that the trial court wrongly denied their motion to file a supplemental complaint pursuant to C.R.C.P. 15(d) adding the AAA as a defendant. For reasons similar to our disposition above, we dismiss for lack of jurisdiction.

No authority permits appellate review of an interlocutory order addressing a motion to file a supplemental complaint. Analogously, there is no right of appeal from interlocutory orders denying leave to serve a complaint on a third-party defendant, *Weaver v. Bankers Life & Cas. Co.*, 146 Colo. 157, 360 P.2d 807 (1961), or otherwise addressing a motion to add parties. *First Nat'l Bank v. Rozzelle Eng'y Co.*, 138 Colo. 120, 330 P.2d 533 (1958).

Accordingly, we lack jurisdiction to consider plaintiffs' contention that the trial court abused its discretion in denying their motion.

The appeal is dismissed without prejudice.

Judge METZGER and Judge WEBB concur.