Mark T. **FERLA, Karen M.B. Ferla, Michael B. Moore, and Gina D. Moore, Plaintiffs–Appellants,**

v.

**INFINITY DEVELOPMENT ASSOCIATES, LLC, Defendant–Appellee.**

No. 04CA0631.

Colorado Court of Appeals, Div. A.

July 29, 2004.

As Modified on Denial of Rehearing Nov. 24, 2004.

Certiorari Denied Jan. 24, 2005.

Vanatta/Sullan/Sandgrund/Sullan, PC, Scott F. Sullan, Ronald M. Sandgrund, Joseph F. Smith, Greenwood Village, Colorado, for Plaintiffs–Appellants.

Fowler, Schimberg, and Flanagan, P.C., Daniel M. Fowler, Katherine Taylor Eubank, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge ROTHENBERG.

On May 17, 2004, a panel of this court ordered plaintiffs to show cause why their appeal should not be dismissed for lack of jurisdiction because they seek review of a district court order compelling arbitration, which is not an appealable interlocutory order under the Uniform Arbitration Act. The panel also questioned whether the trial court's C.R.C.P. 54(b) certification was proper because the court's order did not resolve an entire claim. Defendants were requested to respond.

After considering the parties' submissions, we dismiss the appeal without prejudice.

## I.

Plaintiffs, Michael A. Martinez, Meghan W. Martinez, Mark T. Ferla, Karen M.B. Ferla, Michael B. Moore, and Gina D. Moore, brought claims alleging construction defects and violations of the Colorado Consumer

Protection Act against defendants, Infinity Development Associates, LLC; Infinity Communities, LLC; and Paul Schmergel, Jr. Defendants moved to compel arbitration under the Colorado Uniform Arbitration Act, § 13–22–201, et seq., C.R.S.2003.

The court granted defendants' motion to compel arbitration of the claims alleged by the Ferlas and the Moores. The trial court denied the motion to compel arbitration of the claims by the Martinezes, and they are not parties to this appeal.

In January 2004, the court granted the Ferlas' and the Moores' motion for C.R.C.P. 54(b) certification of the portion of the order granting defendants' motion to compel arbitration. The Ferlas and the Moores then filed notice of this appeal.

## II.

■ Appellants contend the trial court's order granting defendants' motion to compel arbitration is appealable because the trial court properly granted their motion for C.R.C.P. 54(b) certification of that order. We disagree.

■ Certification under C.R.C.P. 54(b) is proper only when the following three criteria are met: (1) the decision certified is a ruling upon an entire claim for relief; (2) the decision ultimately disposes of an individual claim; and (3) there is no just reason for delay in entering a final judgment on the claim. *Harding Glass Co. v. Jones*, 640 P.2d 1123 (Colo.1982); *State Farm Fire & Cas. Co. v. Bellino*, 976 P.2d 342 (Colo.App.1998).

Here, it is undisputed that an ultimate decision on the claims has not been entered and that the trial court stayed the claims it found were subject to arbitration. *See Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000)(under Federal Arbitration Act, an order compelling arbitration and dismissing the claims is certifiable; an order staying proceedings while compelling arbitration is not); *Fonden v. U.S. Home Corp.*, 85 P.3d 600 (Colo.App. 2003)(same result under state act).

Appellants' reliance on *Southern California Edison Co. v. Peabody Western Coal Co.*, 194 Ariz. 47, 977 P.2d 769 (1999) and *Dusold v. Porta–John Corp.*, 167 Ariz. 358, 807 P.2d 526 (Ariz.App.1990), is misplaced. Those cases recognize that a trial court can certify an order that compels arbitration *and* dismisses the arbitrable claims as final for purposes of appeal pursuant to Ariz. R. Civ. Pro. 54(b). See also *Green Tree Fin. Corp. v. Randolph, supra; Fonden v. U.S. Home Corp., supra.* Absent the dismissal of the arbitrable claims, the trial court's entry of C.R.C.P. 54(b) certification cannot transform an interlocutory decision into a final one, nor may this court's jurisdiction be expanded through an improper C.R.C.P. 54(b) certification. *Perera v. Siegel Trading Co.*, 951 F.2d 780 (7th Cir.1992); *Fonden v. U.S. Home Corp., supra.*

We therefore conclude the trial court's ruling was not final and should not have been certified under C.R.C.P. 54(b).

## III.

■ Appellants acknowledge that an order compelling arbitration may be reviewed after the arbitration has been completed and the trial court has confirmed or vacated the award. *See* § 13–22–221, C.R.S.2003; *Mountain Plains Constructors, Inc. v. Torrez*, 785 P.2d 928 (Colo.1990). They nevertheless contend § 13–22–221(1)(a), C.R.S. 2003, violates equal protection because it permits an interlocutory appeal of a trial court's order *denying* a motion to compel arbitration, but does not permit the appeal of an order *granting* a motion to compel arbitration. *See Gergel v. High View Homes, L.L.C.*, 58 P.3d 1132 (Colo.App.2002); *Frontier Materials, Inc. v. City of Boulder*, 663 P.2d 1065 (Colo.App.1983). We disagree.

■ In the absence of a suspect class, the abridgement of a fundamental right, or a special classification triggering an intermediate standard of review, an equal protection challenge is analyzed under the rational basis standard of review. *See Duran v. Indus. Claim Appeals Office*, 883 P.2d 477 (Colo. 1994). Under this standard of review, a statutory classification must be upheld if it bears a rational relationship to a legitimate governmental objective and is not unreasonable, arbitrary, or capricious. *Indus. Claim Appeals Office v. Romero*, 912 P.2d 62, 66 (Colo. 1996).

A statute is presumed to be constitutional, and appellants here bear the burden of convincing the court the classification does not bear a rational relationship to a legitimate legislative purpose. *See Esser v. Indus. Claim Appeals Office,* 8 P.3d 1218 (Colo. App.2000); *see also Christie v. Coors Transp. Co.,* 933 P.2d 1330, 1333 (Colo.1997)("If any conceivable set of facts would lead to the conclusion that a classification serves a legitimate purpose, a court must assume those facts exist.").

Arbitration is a convenient mode of resolving disputes that is favored by the public policy of Colorado. *Huizar v. Allstate Ins. Co.,* 952 P.2d 342 (Colo.1998); *Cordillera Corp. v. Heard,* 200 Colo. 72, 612 P.2d 92 (1980); see also *Frontier Materials, Inc. v. City of Boulder, supra; Gergel v. High View Homes, L.L.C., supra.* The existing statutory scheme, which allows for appellate review to protect the right to compel arbitration, serves a legitimate purpose because it is rationally based on the public policy favoring arbitration. If an arbitrable claim is adjudicated by the trial court, the benefits of a speedy resolution by arbitration are lost.

Because appellants have not shown the statute arbitrarily singles out a group of persons for disparate treatment in comparison to other persons similarly situated, we conclude the provisions of § 13–22–221, which allow an interlocutory appeal of an order denying a motion to compel arbitration but do not authorize an interlocutory appeal of an order compelling arbitration, are rationally based, and do not violate equal protection.

The appeal is dismissed without prejudice.

Judge DAILEY and Judge PICCONE concur.