The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
February 11, 2021

## 2021COA17

**No. 19CA2234, *Tug Hill Marcellus LLC v. BKV Chelsea LLC* —**

**Courts and Court Procedure — Colorado Uniform Arbitration**

**Act — Appeals**

A division of the court of appeals considers for the first time whether the court has jurisdiction to hear an appeal of an order denying a motion to consolidate arbitration proceedings under section 13-22-228(1), C.R.S. 2020, of the Colorado Revised Uniform Arbitration Act. The division concludes that, because an order denying a motion to consolidate arbitration proceedings is neither one of the pre-arbitration orders listed in section 13-22-228(1)(a) and (b), nor a "final judgment" under section 13-22-228(1)(f), the court lacks jurisdiction over the appeal.

COLORADO COURT OF APPEALS                                    **2021COA17**

Court of Appeals No. 19CA2234
City and County of Denver District Court No. 19CV33147
Honorable Morris B. Hoffman, Judge

Tug Hill Marcellus LLC, Radler 2000 LP, and Chief Exploration & Development LLC,

Petitioners-Appellants,

v.

BKV Chelsea LLC,

Respondent-Appellee.

## APPEAL DISMISSED

Division VI
Opinion by JUDGE LIPINSKY
Richman and Pawar, JJ., concur

Announced February 11, 2021

Lewis Roca Rothgerber Christie LLP, Douglas B. Tumminello, Denver, Colorado; Sidley Austin LLP, Angela C. Zambrano, Barret V. Armbruster, Dallas, Texas, for Petitioners-Appellants Tug Hill Marcellus LLC and Radler 2000 LLP

Hayes and Boone, LLP, Lee F. Jonston, Kate Repko, Kelli Bills, Denver, Colorado, for Petitioner-Appellant Chief Exploration & Development LLC

Fox Rothschild LLP, Patrick J. Casey, Spencer L. Sears, Esther H. Lee, Denver, Colorado, for Respondent-Appellee

¶ 1     Appellants Tug Hill Marcellus LLC, Radler 2000 LP, and Chief Exploration & Development LLC (collectively, Sellers), appeal the district court's order denying their petition to consolidate appellee BKV Chelsea LLC's three separate arbitration proceedings against them. Because orders denying petitions to consolidate arbitration proceedings are not one of the two pre-award court orders that may be appealed under the Colorado Revised Uniform Arbitration Act (the Act), we lack jurisdiction over this matter and dismiss Sellers' appeal.

## I.     Background

¶ 2     Sellers entered into substantially similar agreements with BKV for the sale of interests in oil, gas, and mineral leases and related assets. The agreements included identical arbitration provisions. BKV alleged that Sellers breached their agreements and served the individual Sellers with a demand for arbitration. BKV requested a separate arbitration proceeding against each of the Sellers.

¶ 3     Sellers proposed that the arbitration proceedings be consolidated, but BKV refused. Sellers petitioned the district court to consolidate the three arbitration proceedings. The district court entered an order denying Sellers' petition on the grounds that the

arbitration provisions in the agreements did not indicate that BKV had consented in advance to consolidate the separate arbitration proceedings.

¶ 4    Sellers appealed the district court's order.  Sellers assert that this court has jurisdiction over this appeal under section 13-22-228(1)(f), C.R.S. 2020, and C.A.R. 1(a)(1).  BKV moved to dismiss the appeal on jurisdictional grounds.  A motions division of this court deferred a decision on BKV's motion until Sellers and BKV had fully briefed the issue.

## II.    Discussion

### A.    An Order Denying a Motion to Consolidate Arbitration Proceedings Is Not One of the Two Pre-Award Arbitration Orders Appealable Pursuant to Section 13-22-228(1)

¶ 5    Although section 13-4-102, C.R.S. 2020, and C.A.R. 1(a)(1) grant this court jurisdiction over the "final judgments" of district courts, section 13-22-228(1) of the Act narrowly circumscribes our jurisdiction to hear appeals of arbitration-related orders.

¶ 6    Under section 13-22-228(1), a party may only appeal two types of arbitration-related court orders entered before an arbitrator enters an award — an order denying a motion to compel arbitration and an order granting a motion to stay arbitration.

§ 13-22-228(1)(a) & (b). (Section 13-22-228(1) also authorizes appeals of orders confirming or denying confirmation of an award, modifying or correcting an award, vacating an award without directing a rehearing, and a final judgment entered pursuant to the Act. § 13-22-228(1)(c), (d), (e) & (f).) A division of this court explained that "[t]he specific language of the Act reveals a legislative intent to limit appeals to the listed circumstances." *Gergel v. High View Homes, L.L.C.*, 58 P.3d 1132, 1134 (Colo. App. 2002).

¶ 7 Section 13-22-228(1)'s limited grant of appellate jurisdiction is consistent with the state's policy of favoring arbitration "as a convenient and efficient alternative to resolving disputes by litigation." *Vallagio at Inverness Residential Condo. Ass'n v. Metro. Homes, Inc.*, 2015 COA 65, ¶ 13, 412 P.3d 709, 713, *aff'd*, 2017 CO 69, ¶ 13, 395 P.3d 788. "In Colorado, arbitration is a favored method of dispute resolution. Our constitution, our statutes, and our case law all support agreements to arbitrate disputes." *Lane v. Urgitus*, 145 P.3d 672, 678 (Colo. 2006) (citations omitted). The General Assembly adopted the Act "to provide a uniform statutory framework for arbitration and to encourage settlement of disputes

through the arbitration process." *Sopko v. Clear Channel Satellite Servs., Inc.,* 151 P.3d 663, 666 (Colo. App. 2006).

¶ 8    The Act expressly authorizes parties to file specified arbitration-related motions in district court, even though the court's rulings on those motions may not be appealable. (We interpret Sellers' "petition" as a motion.) "Not all orders entered by a trial court respecting arbitration proceedings are appealable." *Thomas v. Farmers Ins. Exch.,* 857 P.2d 532, 534 (Colo. App. 1993).

¶ 9    For example, one of the permissible arbitration-related motions is a motion for the "consolidation of separate arbitration proceedings." § 13-22-210(1), C.R.S. 2020. The district court "may order consolidation . . . as to all or some of the claims if all parties in the arbitration proceedings consent" and the court finds that the criteria listed in the statute are met. *Id.*

¶ 10    But an order denying a motion to consolidate separate arbitration proceedings is not appealable because it is not one of the pre-award orders listed in section 13-22-228(1). Such orders are neither orders denying a motion to compel arbitration nor orders granting a motion to stay arbitration, which are appealable

under section 13-22-228(1)(a) and (b). (And, as explained in Part II.B below, they are also not appealable "final judgments.")

¶ 11    "[W]hen the legislature speaks with exactitude, [courts] must construe the statute to mean that the inclusion or specification of a particular set of conditions necessarily excludes others." *Lunsford v. W. States Life Ins.*, 908 P.2d 79, 84 (Colo. 1995). The precise language of section 13-22-228(1) "leaves no room for permitting appeals other than those specifically enumerated." *J.P. Meyer Trucking & Constr., Inc. v. Colo. Sch. Dists. Self Ins. Pool*, 18 P.3d 198, 202 (Colo. 2001). The omission of orders denying motions to consolidate arbitration proceedings from section 13-22-228(1) indicates that "the legislature could not have intended" to allow appeals of such orders. *Beeghly v. Mack*, 20 P.3d 610, 613 (Colo. 2001) ("Under the rule of interpretation *expressio unius [est] exclusio alterius*, the inclusion of certain items implies the exclusion of others.").

¶ 12    Our conclusion is consistent with the case law addressing the appealability of other types of pre-award orders not listed in section 13-22-228(1). For example, "an order compelling arbitration is not appealable because it is not denominated as such by the Act."

5

*Gergel*, 58 P.3d at 1135; *see Frontier Materials, Inc. v. City of Boulder*, 663 P.2d 1065, 1066 (Colo. App. 1983) ("Conspicuously absent from that list [in the substantially similar predecessor statute to 13-22-228(1)] is an order by the court compelling the parties to arbitrate.").

¶ 13    Courts in other states that have adopted statutes identical to section 13-22-228(1) have reached the same conclusion.  In *St. Francis Xavier Hospital v. Ruscon/Abco*, the South Carolina Court of Appeals refused to hear the appeal of an order denying the consolidation of arbitration proceedings because the language of that state's analogue to section 13-22-228(1) "does not expressly allow an appeal from an order denying an application to consolidate pending arbitration proceedings."  330 S.E.2d 548, 550 (S.C. Ct. App. 1985).  The Washington Court of Appeals similarly noted that, while the statute "designates specific orders in arbitration actions from which an appeal may be taken, . . . an order of consolidation is not one of them."  *Cummings v. Budget Tank Removal & Env't Servs. LLC*, 260 P.3d 220, 224 (Wash. Ct. App. 2011).

¶ 14    Our reading of section 13-22-228(1) is also consistent with the policy underlying the Act — to provide a convenient and efficient

alternative to litigation. *See Vallagio at Inverness Residential Condo. Ass'n*, ¶ 13, 412 P.3d at 713. Appeals of district court orders denying motions to consolidate separate arbitration proceedings would delay the arbitration process and increase the parties' legal expenses. Notably, the only pre-award orders that are appealable under section 13-22-228(1) are orders blocking or hindering the arbitration process. *See* § 13-22-228(1)(a) & (b) (authorizing appeals of orders denying motions to compel arbitration and orders staying arbitration). An order denying a motion to consolidate separate arbitration proceedings neither blocks nor hinders the arbitration process. Rather, it allows the arbitration process to proceed.

¶ 15     For these reasons, we conclude that we lack jurisdiction to hear appeals from orders denying a motion to consolidate separate arbitration proceedings. "Because this court's jurisdiction is conferred by statute, we cannot expand its scope beyond [its] legislative grant," *Wilson v. Kennedy*, 2020 COA 122, ¶ 6, ___ P.3d ___, ___, and, therefore, we may not exercise jurisdiction in this case.

### B. An Order Denying a Motion to Consolidate Arbitration Proceedings Is Not a "Final Judgment"

¶ 16    Sellers seek to circumvent the omission of orders denying motions to consolidate separate arbitration proceedings from section 13-22-228(1) by arguing that the district court's order is an appealable "final judgment" under section 13-22-228(1)(f) and C.A.R. 1(a)(1). As noted above, subsections 13-22-228(1)(a) and (b) describe with specificity the pre-award orders that may be appealed, and an order denying a motion to consolidate separate arbitration proceedings is not one of them.

¶ 17    More fundamentally, an order denying a motion to consolidate separate arbitration proceedings is not the equivalent of a "final judgment." "[I]n determining whether a trial court's order is subject to review, the appellate court must consider the substance and not the form of the order." *Gergel*, 58 P.3d at 1136. *Gergel* concerned an attempt to appeal an order compelling the parties to arbitrate. The appellants contended that their motion to stay the arbitration proceedings, which the district court denied, was substantively a motion for a temporary injunction, as they had labeled it. *Id.* at 1135-36. The grant or denial of a temporary injunction is an

appealable order. *Id.* at 1135. But because the parties' motion "requested neither temporary relief nor preservation of the status quo," the division of this court concluded that the district court's denial of the motion was the functional equivalent of an order directing arbitration. *Id.* at 1136. Such an order is not listed in section 13-22-228(1) and, thus, is not appealable. *Id.*

¶ 18    In contrast to the form and substance of the court's order denying Sellers' motion to consolidate BKV's arbitration proceedings, an order entering a "final judgment" "finally disposes of the particular action and prevents further proceedings . . . ." *State ex rel. Suthers v. CB Servs. Corp.*, 252 P.3d 7, 10 (Colo. App. 2010) (quoting *Levine v. Empire Savings & Loan Ass'n*, 192 Colo. 188, 190, 557 P.2d 386, 387 (1976)). In civil cases, our supreme court has "consistently held that a 'final judgment is one which ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding.'" *Scott v. Scott*, 136 P.3d 892, 895 (Colo. 2006) (quoting *Harding Glass Co. v. Jones*, 640 P.2d 1123, 1125 n.2 (Colo. 1982)).

¶ 19 Here, although Sellers' motion to consolidate was the only filing in the underlying case, the district court's order denying it did not "finally dispose[] of the . . . action and prevent[] further proceedings." *See Suthers*, 252 P.3d at 10. The parties may return to the district court before, during, or after the arbitrations by filing one of the arbitration-related motions authorized under the Act. For example, if one of the Sellers refused to arbitrate, BKV could file a motion to compel arbitration under section 13-22-207(1), C.R.S. 2020, or, if a party found evidence that one of the arbitrators engaged in misconduct in connection with the arbitration, that party could file a motion to vacate the arbitrator's award under section 13-22-223(1)(b)(III), C.R.S. 2020. The district court's order denying Sellers' motion to consolidate the arbitration proceedings does not prevent any of these further proceedings.

¶ 20 In any event, a final and appealable judgment will be entered in this case only if and when an arbitrator enters an award in one of the arbitration proceedings and the district court enters a judgment "in conformity therewith." *See* § 13-22-225(1), C.R.S. 2020; *S. Wash. Assocs. v. Flanagan*, 859 P.2d 217, 220 (Colo. App. 1992) ("The 'award' of a panel of arbitrators . . . [was] not . . . a 'final

10

judgment.'" Rather, the final judgment in the case was "the stipulated order and judgment confirming the arbitration award pursuant to the [Act]."); *see Mountain Plains Constructors, Inc. v. Torrez*, 785 P.2d 928, 930-31 (Colo. 1990) (holding that "an order denying a motion to compel arbitration may . . . be appealed after final judgment"). The language of *Mountain Plains Constructors* would make no sense if an order denying a motion to compel arbitration could be appealed immediately after the district court ruled on a different pre-award motion, such as a motion to consolidate separate arbitration proceedings.

¶ 21 Sellers attempt to distinguish *Marshwood Associates v. Krumbhaar & Holt, Associated Architects, P.A.*, 451 A.2d 305 (Me. 1982), and *St. Francis Xavier Hospital*, the two out-of-state cases BKV cites in support of its argument that an order denying consolidation is not an appealable final judgment. Both cases held that an order denying consolidation of arbitration proceedings does not have the effect of a final judgment and is thus not appealable. *Marshwood Assocs.*, 451 A.2d at 307; *St. Francis Xavier Hosp.*, 330 S.E.2d at 550. Sellers contend that these cases are distinguishable

11

because they interpreted versions of the Act that do not authorize trial courts to consolidate arbitration proceedings.

¶ 22    But Sellers' argument assumes, contrary to the Act, that every ruling on a permitted arbitration-related motion is appealable. As explained in Part II.A above, simply because a statute authorizes the court to take an action does not make that action appealable.

¶ 23    Moreover, under Sellers' reasoning, any pre-award order, even if not listed in section 13-22-228(1), would be an appealable final judgment. This argument cannot be squared with section 13-22-228(1)'s meticulous delineation of the only pre-award court orders that may be appealed. *See* § 13-22-228(1)(a) & (b). If any pre-award order were a "final judgment," then section 13-22-228(1)(a) & (b) would be superfluous; there would be no need to specify that an order denying a motion to compel arbitration and an order granting a motion to stay arbitration are appealable. We do not interpret statutes to render the language in a subsection superfluous. *People v. Burnett*, 2019 CO 2, ¶ 21, 432 P.3d 617, 622.

¶ 24    It is significant that section 13-22-228(1) places the two appealable pre-award orders in separate subsections from "final

judgments." Because they are listed in different subsections from "final judgments," an order denying a motion to compel arbitration and an order granting a motion to stay arbitration cannot be "final judgments." And it would make no sense to read section 13-22-228(1) to mean that, while these two pre-award orders are not "final judgments," all other types of pre-award orders may be deemed "final judgments."

¶ 25    In sum, we only have jurisdiction to "review interlocutory orders where *specifically* authorized by statute or rule." *Gergel*, 58 P.3d at 1134 (emphasis added). "We have 'no authority to expand [our] appellate jurisdiction'" beyond that granted by the General Assembly and "cannot 'modify the jurisdiction granted [us] by statute.'" *Wilson*, ¶ 6, ___ P.3d at ___ (alterations in original) (quoting *People in Interest of L.R.B.*, 2019 COA 85, ¶ 15, ___ P.3d ___, ___). Under the plain language of section 13-22-228(1), we have no jurisdiction to review an order denying a motion to consolidate arbitration proceedings.

### III.    Conclusion

¶ 26    The appeal is dismissed.

JUDGE RICHMAN and JUDGE PAWAR concur.

13