The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
December 29, 2022

**2022COA147**

**No. 21CA0825, *Turoff v. Itachi Capital* — Courts and Court
Procedure — Colorado Uniform Arbitration Act — Appeals**

A division of the court of appeals concludes that an order

vacating an arbitration award and directing a rehearing under

section 13-22-228(1)(e), C.R.S. 2022, of the Colorado Revised

Uniform Arbitration Act (the Act) is not appealable as an implicit

order denying confirmation of the arbitration award under section

13-22-228(1)(c) of the Act.

Court of Appeals No. 21CA0825
City and County of Denver District Court No. 21CV30586
Honorable J. Eric Elliff, Judge

Erin Turoff,

Plaintiff-Appellee,

v.

Itachi Capital, Inc.,

Defendant-Appellant.

APPEAL DISMISSED

Division IV
Opinion by JUDGE DUNN
Grove and Schutz, JJ., concur

Announced December 29, 2022

Fortis Law Partners, LLC, David F. Olsky, Denver, Colorado, for Plaintiff-Appellee

McAllister Law Office, PC, Sean T. McAllister, Denver, Colorado; The Law Office of Eric J. Moutz, LLC, Eric J. Moutz, Boulder, Colorado, for Defendant-Appellant

¶ 1     The Colorado Revised Uniform Arbitration Act (the Act) limits appeals from arbitration-related orders.  § 13-22-228(1), C.R.S. 2022.  Defendant, Itachi Capital, Inc. (Itachi), appeals the district court's order vacating an arbitration award entered against plaintiff, Erin Turoff, and ordering a new hearing.

¶ 2     Because we don't agree with Itachi that the Act confers jurisdiction under these circumstances, we dismiss the appeal.

## I.     Background

¶ 3     Itachi and Ms. Turoff jointly owned a limited liability company. Under the company's operating agreement, Itachi, as the majority owner, had the right to "drag along" the minority owner — Ms. Turoff — and compel her to sell her interest in the company if certain conditions were met.  Having found a buyer, Itachi sought to enforce the so-called drag-along provision and compel Ms. Turoff to sell her share of the business.  Ms. Turoff refused to sell her interest.

¶ 4     Itachi filed an arbitration demand with the Judicial Arbiter Group (JAG).  At a status conference a couple weeks before the scheduled arbitration, Ms. Turoff — who was self-represented at the time — expressed, among other concerns, that she was missing

important documents. Itachi responded that it "should get [certain documents] to Ms. Turoff as soon as possible." When Ms. Turoff asked generally about Itachi's theory of the case, the arbitrator suggested that Ms. Turoff "consult with counsel."

¶ 5 About one week later, Ms. Turoff sent a written request to JAG asking the arbitrator to postpone the hearing to allow her to retain counsel.

¶ 6 The arbitrator held another status conference two days before the scheduled arbitration to consider the requested continuance. At that conference, Ms. Turoff's newly retained counsel requested a postponement, explaining, in particular, the need to get up to speed on the dispute and for "some limited discovery" relating to the proposed sale of the business and the drag-along provision.

¶ 7 The arbitrator denied the request. After the arbitration concluded, the arbitrator entered an award in Itachi's favor and later awarded Itachi its attorney fees and costs.

¶ 8 Ms. Turoff then filed a motion to vacate the arbitration award, arguing that the refusal to postpone the hearing and permit discovery was fundamentally unfair and substantially prejudiced her rights. *See* § 13-22-223(1)(c), C.R.S. 2022 (noting a court shall

2

vacate an arbitration award for the refusal to postpone an arbitration hearing under certain identified circumstances).

¶ 9    Itachi filed a response opposing the motion, arguing that there was no legal basis to vacate the award, and that the arbitrator's decision was entitled to deference. In the first and final few paragraphs of its response, Itachi asked the court to confirm the arbitration award. But Itachi didn't identify its response as a cross-motion, nor did it file a separate motion requesting confirmation of the award. *See* § 13-22-222(1), C.R.S. 2022 (After a party "receives notice of an award, the party may make a motion to the court for an order confirming the award.").

¶ 10    The district court entered a detailed written order, finding the requested discovery was relevant, Ms. Turoff "articulated sufficient cause for a continuance," and the denial of discovery "caused [Ms. Turoff] substantial prejudice." The court concluded that, "[u]nder these circumstances, the arbitration award cannot stand." It vacated the award and ordered the parties "to resubmit their dispute to JAG for a new hearing." The order doesn't say anything about Itachi's request to confirm the award embedded within its response (let alone expressly deny confirmation of the award).

¶ 11     Itachi brought an interlocutory appeal, contending that the district court erred by vacating the arbitration award and ordering a new hearing.  A motions division of this court ordered the parties to show cause why the appeal should not be dismissed without prejudice for lack of a final, appealable judgment.[1]  After the parties responded, the division deferred the jurisdictional issue to the merits division.

## II.     Discussion

¶ 12     Generally, the entry of a final judgment is a jurisdictional prerequisite to an appeal; however, we may review interlocutory orders where specifically authorized by statute or rule.  § 13-4-102(1), C.R.S. 2022; C.A.R. 1(a)(1); *see J.P. Meyer Trucking & Constr., Inc. v. Colo. Sch. Dists. Self Ins. Pool*, 18 P.3d 198, 201 (Colo. 2001).

¶ 13     The Act is one such statute conferring limited appellate jurisdiction over certain "arbitration-related orders." *Tug Hill Marcellus LLC v. BKV Chelsea LLC*, 2021 COA 17, ¶ 5; *accord J.P.*

---

[1] Ms. Turoff cross-appealed the district court's order denying her fee request for prevailing on the motion to vacate, but she later dismissed the cross-appeal, agreeing the order was not appealable.

*Meyer Trucking*, 18 P.3d at 201-02.  But not all orders relating to "arbitration proceedings are appealable."  *Thomas v. Farmers Ins. Exch.*, 857 P.2d 532, 534 (Colo. App. 1993).

¶ 14     Under the Act, a party may appeal an order

> (a) denying a motion to compel arbitration;
>
> (b) granting a motion to stay arbitration;
>
> (c) confirming or denying confirmation of an award;
>
> (d) modifying or correcting an award; or
>
> (e) vacating an award without directing a rehearing.[2]

§ 13-22-228(1).  Beyond these specific enumerated circumstances, the precise language of section 13-22-228(1) "leaves no room for permitting appeals."  *J.P. Meyer Trucking*, 18 P.3d at 202; *accord Gergel v. High View Homes, L.L.C.*, 58 P.3d 1132, 1135 (Colo. App. 2002).  Given that, orders not enumerated in section 13-22-228(1) are not appealable.  *See J.P. Meyer Trucking*, 18 P.3d at 200, 202 (rejecting the argument that an order denying a motion to dismiss was "tantamount" to an order denying a motion to compel

---

[2] A party may also appeal a final judgment entered under the Act. § 13-22-228(1)(f), C.R.S. 2022.  But Itachi doesn't contend the order vacating the arbitration award and ordering a new hearing is a final judgment.

5

arbitration, which is one of the specifically enumerated appealable orders in section 13-22-228); *Tug Hill*, ¶ 25 (concluding this court has "no jurisdiction to review an order denying a motion to consolidate arbitration proceedings"); *Associated Nat. Gas, Inc. v. Nordic Petroleums, Inc.*, 807 P.2d 1195, 1196 (Colo. App. 1990) (holding that an order compelling arbitration is not appealable).

¶ 15    On its face, the order vacating the award and directing a new hearing falls into none of the narrow categories enumerated in section 13-22-228(1).  And because we may not extend or modify our statutory jurisdiction, *Tug Hill*, ¶ 25, that would ordinarily end our analysis.

¶ 16    Itachi says, however, that we should review the order under section 13-22-228(1)(c), which allows us to review an order denying confirmation of an arbitration award.[3]  To get there, Itachi maintains that by vacating the award and ordering a new hearing, the court "effectively denied Itachi's request" to confirm the award. But we see a couple of problems with this argument.

---

[3] Itachi doesn't contend the order is reviewable under section 13-22-228(1)(e).  Because the court vacated the award and ordered a new hearing, we agree.

6

¶ 17    First, Itachi never filed a motion asking the court to confirm its arbitration award.  To the extent it sought such an order, it was required to move for one.  *See* C.R.C.P. 7(b)(1) (A request to a court for an order "shall be made by motion.").  While it's true that Itachi's response to the motion to vacate also contains an embedded request that the court confirm the arbitration award, the Colorado Rules of Civil Procedure don't allow a motion to be "included in a response . . . to the original motion."  C.R.C.P. 121, § 1-15(1)(d); *see Patterson v. James*, 2018 COA 173, ¶¶ 9-12.  That the Act doesn't require a party to file a motion to confirm an arbitration award — as Itachi correctly points out — doesn't change the fact that the Colorado Rules of Civil Procedure do.  Because Itachi's embedded request in its responsive pleading was not procedurally proper, we have no reason to believe the district court considered it, much less implicitly ruled on it.

¶ 18    Second, though it didn't move to confirm the arbitration award, Itachi contends the order vacating the award and ordering a rehearing is "effectively" equivalent to an order denying confirmation of the award.  But an order vacating an award without directing a rehearing and an order denying confirmation of an

7

award both end the proceedings. That's not what happened here. Instead, the district court vacated the award and also ordered a new hearing, which didn't end the proceedings. If anything, the order here is effectively equivalent to an order granting a new trial, which isn't a final, appealable judgment. *Bowman v. Songer*, 820 P.2d 1110, 1112 (Colo. 1991); *see also United States v. Ayres*, 76 U.S. (9 Wall.) 608, 610 (1869) (order granting a new trial had the effect of vacating the former judgment, rendering it null and void, and leaving the parties in the same situation as if no trial had ever taken place).

¶ 19     Third, were we to follow Itachi's suggestion and conclude that an order vacating an arbitration award and ordering a new hearing effectively amounts to an appealable denial of a request to confirm an award, it would make every order vacating an arbitration award — whether the court directed a new hearing or not — appealable. Had the legislature intended to make every order vacating an arbitration award appealable, it could have done so. But it instead made only those orders vacating an arbitration award without directing a rehearing appealable. *See* § 13-22-228(1)(e); *see also Lunsford v. W. States Life Ins.*, 908 P.2d 79, 84 (Colo. 1995)

("[W]hen the legislature speaks with exactitude, [courts] must construe the statute to mean that the inclusion or specification of a particular set of conditions necessarily excludes others."). We will not interpret the Act in a way that renders section 13-22-228(1)(e) entirely meaningless. *See Nieto v. Clark's Mkt., Inc.*, 2021 CO 48, ¶ 32 (rejecting interpretation that would render a statutory provision "completely meaningless"); *accord Tug Hill*, ¶ 23.

¶ 20    For that reason, we don't find Itachi's reliance on *Morgan Keegan & Co. v. Smythe*, 401 S.W.3d 595 (Tenn. 2013), particularly helpful. In *Smythe*, the district court vacated an arbitration award and ordered a rehearing. *Id.* at 598. Although the district court didn't enter an order denying the confirmation of the arbitration award, *Smythe* concluded that the order "necessarily denied" the confirmation of the arbitration award. *Id.* at 608. It then concluded the order was appealable under Tennessee's Uniform Arbitration Act, Tenn. Code Ann. § 29-5-319(a)(3) (2022), which provides for appeals from orders denying confirmation of arbitration awards. *Smythe*, 401 S.W.3d at 612. In reaching that conclusion, *Smythe* said little more than "[e]ven if an order is not appealable under one subsection, it may be appealable under another." *Id.* at 609.

Beyond that, *Smythe* doesn't acknowledge the fact that its interpretation renders the subsection allowing for the appeal of orders vacating an arbitration award without directing a rehearing meaningless. Thus, *Smythe* is unpersuasive.

¶ 21 Leaving the statutory text aside, Itachi next says we should review the merits now because it's more efficient and cost-effective to do so (rather than after a new hearing). Even if true, that's a legislative call. We may not rewrite section 13-22-228(1) or expand our jurisdiction because of any perceived judicial efficiencies. *See Tug Hill*, ¶ 25.

¶ 22 And, finally, to the extent the parties rely on out-of-state authority to argue about what should happen in a case where a court expressly vacates an arbitration award while directing a new hearing and also denies confirmation of an arbitration award, that's not this case. We therefore save that question for the day when it's actually presented. *Compare Karcher Firestopping v. Meadow Valley Contractors, Inc.*, 204 P.3d 1262, 1264 (Nev. 2009) (joining "[t]he majority of courts that have considered this jurisdictional issue" and concluding the appellate court lacked jurisdiction, under the Nevada Uniform Arbitration Act, to consider an order that denied

confirmation of an arbitration award, vacated the award, and directed a rehearing), *with E. Tex. Salt Water Disposal Co. v. Werline,* 307 S.W.3d 267, 270-71 (Tex. 2010) (holding, in a split decision, that an order denying confirmation of an arbitration award, vacating an arbitration, and directing a new hearing is appealable under the Texas General Arbitration Act).

### III.  Conclusion

¶ 23     To sum it up, we have no jurisdiction to review the district court's order vacating the arbitration award and ordering a new hearing.  We therefore dismiss the appeal.

JUDGE GROVE and JUDGE SCHUTZ concur.